1 S W/63 OFILED
FEB 2008

1 **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 Name _BuRRELL_ _ANGEE_ _____
      (Last)      (First)      (Initial)

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3 Prisoner Number _V48872_

4 Institutional Address _P.O.Box 1050_ _Soledad, Calif. 93960_

5 _SALINAS VALLEY STATE PRISON_

6 ===================================================

7 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8 _ANGEE BuRRELL_
(Enter the full name of plaintiff in this action.)

9                 )    **CV** ) **08**     **0846**

        vs.         )
10                 )   Case No. _____
                )   (To be provided by the clerk of court)
_M.S. EVANS, WARDEN, etal.,_ )
11                 )   **PETITION FOR A WRIT**
                )   **OF HABEAS CORPUS**
12 _____ )               **(PR)**
                )
13 _____ )   E-filing
                )
14 (Enter the full name of respondent(s) or jailor in this action) )

15 ==================================================

16 Read Comments Carefully Before Filling In

17 When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

1    <u>Who to Name as Respondent</u>

2         You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6         If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10    <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11         1. What sentence are you challenging in this petition? PRISON DISCIPLINE

12         (a)    Name and location of court that imposed sentence (for example; Alameda

13                County Superior Court, Oakland):

14         MONTEREY Sup. CT.            MONTEREY COUNTY

15                Court                          Location

16         (b)    Case number, if known  HC5769

17         (c)    Date and terms of sentence _____

18         (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                parole or probation, etc.)        Yes ✓    No _____

20                Where?

21                Name of Institution: SALINAS VALLEY STATE PRISON

22                Address: P.O.Box 1050 Soledad, CA. 93960

23         2. For what crime were you given this sentence? (If your petition challenges a sentence for

24    more than one crime, list each crime separately using Penal Code numbers if known. If you are

25    challenging more than one sentence, you should file a different petition for each sentence.)

26    _____

27    _____

28    _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

Arraignment:                              Yes _____    No ✓

Preliminary Hearing:                     Yes _____    No ✓

Motion to Suppress:                      Yes _____    No ✓

4. How did you plead?

Guilty _____    Not Guilty ✓    Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?              Yes _____    No _____

7. Did you have an attorney at the following proceedings:

(a)    Arraignment                     Yes _____    No _____

(b)    Preliminary hearing             Yes _____    No _____

(c)    Time of plea                    Yes _____    No _____

(d)    Trial                           Yes _____    No _____

(e)    Sentencing                      Yes _____    No _____

(f)    Appeal                          Yes _____    No _____

(g)    Other post-conviction proceeding   Yes _____    No _____

8. Did you appeal your conviction?          Yes ✓    No _____

(a)    If you did, to what court(s) did you appeal?

Court of Appeal              Yes ✓    No _____

Year: 2007    Result: DENIED _____

Supreme Court of California    Yes ✓    No _____

Year: 2007    Result: DENIED _____

Any other court SUPERIOR    Yes ✓    No _____

Year: 2007    Result: DENIED _____

(b)    If you appealed, were the grounds the same as those that you are raising in this

1           petition?                          Yes ✓   No____

2     (c)   Was there an opinion?        Yes ✓   No____

3     (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                               Yes _____   No ✓___

5             If you did, give the name of the court and the result:

6

7        _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?        Yes ✓   No____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16     (a)   If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding. Attach extra paper if you need more space.

18         I.   Name of Court: *CALiFORNiA SuPREME CouRT*

19           Type of Proceeding: *PETiTiON FoR REVIEW*

20           Grounds raised (Be brief but specific):

21           a. *DENiAL oF A FAiR ANd ImPARTiAL DisciPLiNARY-HEARiNG.*

22           b. *DEPRiVATiON oF PRocedRAL DuE PRocESS*

23           c. *DENiAL oF mEANiNGFuL uNEmPEded AccESS To CouRT.*

24           d. *(LiABiLiTY To ExHAusT AvAiLAbLE AdmiNiSTRATivE REmEdiES.*

25           Result: *DENiED*         Date of Result: *11/28/2007*

26         II.   Name of Court: *CT. oF APPEAL SixTH APPEllATE DiSTRiCT*

27           Type of Proceeding: *APPEAL*

28           Grounds raised (Be brief but specific):

1    a. _____"_____ _SAME_____ _"_____

2    b. _____"_____ _SAME_____ _"_____

3    c. _____"_____ _SAME_____ _"_____

4    d. _____"_____ _SAME_____ _"_____

5    Result: _DENIED_____ Date of Result: ~~8/10/07~~ 10/3/97

6    III.    Name of Court: _MONTEREY SUPERIOR COURT_

7    Type of Proceeding: _PETITION FOR WRIT OF HAB, CORPUS_

8    Grounds raised (Be brief but specific):

9    a. _____"_____ _SAME_____ _"_____

10   b. _____"_____ _SAME_____ _"_____

11   c. _____"_____ _SAME_____ _"_____

12   d. _____"_____ _SAME_____ _"_____

13   Result: _DENIED_____ Date of Result: _8/10/07_

14   IV.    Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a. _____

18   b. _____

19   c. _____

20   d. _____

21   Result: _____ Date of Result: _____

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                        Yes _____    No _✓_

24   Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  | need more space.  Answer the same questions for each claim.

2  | [Note: You must present ALL your claims in your first federal habeas petition.  Subsequent

3  | petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  | 499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  | Claim One: DENIAL OF A FAIR AND IMPARTIAL DISCIPLINARY

6  | HEARING, (DEPRIVATION OF PROCEDURAL DUE PROCESS)

7  | Supporting Facts: ON 10/16/05, PETITIONER WAS CHARGED FOR

8  | THE SPECIFIC ACT OF CONSPIRACY TO INTRODUCE A CONTROLLED

9  | SUBSTANCE INTO SALINAS VALLEY STATE PRISON. THESE CHARGES

10 | WERE MOTIVATED BY UNTESTED FOR RELIABILITY. CONT...

11 | Claim Two: DENIAL OF MEANINGFUL UNIMPEDED ACCESS TO

12 | THE COURT, (INTERFERENCE IN EXHAUSTING ADMIN. REMEDIES

13 | Supporting Facts: ON 6/4/06, I WERE FOUND GUILTY OF A

14 | DISCIPLINARY INFRACTION SPECIFICALLY FOR CONSPIRACY TO

15 | INTRODUCE CONTROLLED SUBSTANCE INTO SALINAS VALLEY STATE

16 | PRISON, (SVSP) RESULTING TO PETITIONER FILING
   | CONT...

17 | Claim Three: _____

18 | _____

19 | Supporting Facts: _____

20 | _____

21 | _____

22 | _____

23 | If any of these grounds was not previously presented to any other court, state briefly which

24 | grounds were not presented and why:

25 | _____

26 | _____

27 | _____

28 | _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1   GROUND "1" CONT...

2   CONFIDENTIAL SOURCES. ON 6/4/06 A DISCIPLINARY

3   WAS CONDUCTED BY LT. SHOWALTER, RESULTING TO

4   A GUILTY FINDING FOR CONSPIRING TO INTRODUCE

5   A CONTROLLED SUBSTANCE INTO SALINAS VALLEY STATE

6   PRISON (SVSP). THE HEARING OFFICER CONDUCTED A

7   PARTIAL HEARING AND FAILED TO DEMONSTRATE THROUGH

8   THE RECORDS BEFORE HIM ANY EVIDENCE OF SPECIFIC

9   FACT THAT PETITIONER AND HIS SPOUSE (VISITOR #2) OR

10  (VISITOR #1) ENGAGED IN A MEETING OF THE MIND[S]

11  TO INTRODUCE CONTROLLED SUBSTANCES INTO SVSP.

12  NO SPECIFIC DATE, TIME OR PLACE WAS PRESENTED TO

13  ESTABLISH THAT PETITIONER CONSPIRED WITH ANYONE.

14  NO LETTERS, NO PHONE RECORDINGS, NO ADMISSIONS,

15  NO FIRSTHAND KNOWLEDGE, NO SPECIFIC CONVERSATIONS,

16  NOTHING. EVERYTHING THE HEARING OFFICER BASED HIS

17  DECISION ON IS THE FACT THAT VISITOR #1 AND VISITOR #2

18  WERE ARRESTED FOR BEING IN POSSESSION OF MARIJUA-

19  NA ENTERING SVSP'S VISITING PROCESSING AREA WHERE

20  INMATES ARE NOT PERMITTED. BEING THAT THESE CHARGES

21  ALLEGE CONSPIRACY, EVIDENCE IN THE FORM OF CONCRETE

22  FIRSTHAND KNOWLEDGE IS REQUIRED AND CORROBORATED

23  TO SUPPORT THE CHARGED OFFENSE. PRISON OFFICIALS

24  RELIED UPON THE USE OF CONFIDENTIAL SOURCES INFORMA-

25  TION AND DID NOT DISCLOSE ANY FIRSTHAND EVIDENTARY

26  STATEMENTS FROM THE SOURCES AND FAILED TO INCORPOR-

27  ATE ANY STATEMENTS OR EVIDENCE IN THE DISPOSITION

28  PORTION OF THE RULES VIOLATION REPORT (RVR) THAT THE

i,

1  GROUND "1" CONT...

2  HEARING OFFICER MADE A TRUTHFULLNESS ASSESSMENT OF

3  THE RELIABILITY OF EACH OF THE MULTIPLE SOURCES WHETHER

4  THE CONFIDENTIAL INFORMATION WAS FIRSTHAND OR HEARSAY

5  STATEMENTS AS REQUIRED BY ADMINISTRATIVE BULLETIN

6  92/15 ATTACHED HERETO AS EXHIBIT "B". BEING THAT

7  PRISON OFFICIALS DISCLOSED SUCH A VAGUE STATEMENT

8  ON THE PROVIDED INMATE COPY OF THE THREE C.D.C. 1030

9  CONFIDENTIAL DISCLOSURE FORMS, AND BECAUSE THE RECORD

10  IS ABSENT ANY STATEMENTS OR EVIDENCE TO SHOW THAT

11  PETITIONER DID ANYTHING CRIMINAL WARRANTING ANY

12  CHARGES TO BE FILE AGAINST HIM AT ALL. THE PRISON

13  EVEN WENT SO FAR AS TO UNLAWFULLY ASSESS 180 DAYS

14  FORFEITURE OF CREDITS IN VIOLATION OF THEIR OWN

15  PROCEDURES WHICH INSURES THAT PETITIONER IS ENTITLED

16  TO HAVE THE RVR HEARING WITHIN 30 DAYS FROM THE

17  DAY PETITIONER RECIEVED HIS COPIES OF THE RVR ON

18  9/29/06 AT 11:50 A.M. THE HEARING WAS CONDUCTED

19  ON 10/29/06 AT 1855 HRS. THAT'S THE 31ST DAY BY

20  7 HRS. AND 5 MINS. LT. BARBEE, THE HEARING OFFICER,

21  THE REVIEW OF THE HEARING CONDUCTED BY CAPT. RANKIN

22  AND THE CHIEF DISCIPLINARY OFFICER (CDO) All SHOULD

23  HAVE ACKNOWLEDGED THAT THEY WERE BARRED FROM

24  ASSESSING CREDITS AND FAILED TO CORRECT THE PROCED-

25  URAL VIOLATION. IN FACT, EVERY OFFICIAL WHO TOOK

26  PART OF THE DISCIPLINARY PROCESS, SIGNED OFF ON THE

27  REVIEW OF RVR LOG # S06-09-0027 R, APPROVING THAT

28  I WERE RIGHTFULLY FOUND GUILTY OF CONSPIRACY TO INTR-

1  Ground 1 Cont...

2  duce a controlled substance into the institution

3  without an inkling of evidence and unlawfully

4  subjected me to random drug testing once a month

5  for one year, loss of one year of no visits plus,

6  two years of non-contact visits. The only way for

7  the court to determine that the charges and the

8  disciplinary hearing officers decision was not

9  based on some evidence, is to review the confiden-

10  tial information for evidence specifying an approx-

11  imate date, time and place that either confidential

12  source provided firsthand information of what

13  conversation they heard petitioner and visitor #1

14  or visitor #2 have with eachother expressly with

15  specificity of engaging in talks regarding, intro-

16  ducing controlled substances into the prison. with-

17  out that evidence, there can be no conspiracy. The

18  rest of the record speaks in volume that, there is

19  no evidence to support that I should have ever

20  been charged. There was no contact between

21  petitioner and visitors #1 or #2 on the day in

22  question period. Therefore, the RVR against the

23  petitioner was based solely on what took place

24  with prison officials and visitors #1 and #2.

25  Petitioner should have never been charged. For

26  purposes of procedural due process violations which

27  occurred throughout the entire disciplinary process,

28  petitioner has shown the numerous flaws and

iii.

1  GROUND "1" CONT...
2  LACK OF EVIDENCE TO UPHOLD THE CHARGE. SEE
3  EXHIBIT "C". THE DISCIPLINARY FINDING OF GUILT MUST
4  BE REVERSED BECAUSE PETITIONER DID NOT RECEIVE
5  ANY INFORMATION ALLEGING CONSPIRACY CONTAINED IN
6  THE CONFIDENTIAL REPORTS, AS REQUIRED BY CCR §
7  3321 WHICH REQUIRES THAT A PRISONER ABOUT WHOM
8  CONFIDENTIAL INFORMATION HAS BEEN GATHERED, BE
9  PROVIDED WITH NOTICE THAT THE INFORMATION INVOLVING
10 EVIDENCE OF CONSPIRACY (AND NOT PERSONAL BELIEFS)
11 ACTUALLY EXIST, AND BE TOLD "[A]S MUCH OF THE
12 INFORMATION AS CAN BE DISCLOSED WITHOUT IDENTIF-
13 YING THE CONFIDENTIAL SOURCE. IN THE INSTANT CASE,
14 NO EVIDENCE TO SUPPORT THE CHARGE HAS BEEN
15 PROVIDED.
16      THIS BLATANT SERIES OF PROCEDURAL DUE PROCESS
17 VIOLATIONS CREATED AN ATYPICAL AND SIGNIFICANT HARD-
18 SHIP ON PETITIONER FOR IT IS IMPOSSIBLE TO DEFEND
19 AGAINST CHARGES ESPECIALLY, WHEN FORCED TO DEFEND
20 AGAINST NO EVIDENCE IN THE RECORD THAT VERIFIES
21 PETITIONER BEING INVOLVED IN ANYTHING CRIMINAL.
22 THIS MATTER PROBABLY COULD HAVE BEEN RESOLVED
23 THROUGH THE PRISON'S APPEAL SYSTEM HAD NOT ELOY
24 MEDINA, THE APPEALS COORDINATOR UNLAWFULLY
25 SCREENED OUT MY INMATE GRIEVANCE. SEE EXHIBIT
26 "C" PAGE 9 AT THE VERY BOTTOM, DESCRIBING THE
27 DATE AND TIME PETITIONER WERE GIVEN HIS COPY
28 OF THE FINAL DISPOSITION. I AM ALLOWED 15 DAYS

iv.

1  GROUND "1" concludes.

2  TO APPEAL FROM 12/5/06, IN WHICH I did TIMELY FILE

3  EXHIBIT "C" ON 12/13/06. THIS IS ONE OF MANY TACTICS

4  USED BY ELOY MEDINA TO HEAD OFF INMATE APPEALS

5  SEEKING RELIEF. (DELIBERATELY)

6       PETITIONER HAS EXHAUSTED All STATE COURT

7  REMEDIES.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V.

1  GROUNDS "2" CONT.

2  AN INMATE GRIEVANCE (CDR 602) REGARDING THE

3  PROCEDURAL DUE PROCESS VIOLATIONS DURING THE ENTIRE

4  DISCIPLINARY HEARING AND PROCESS AS WELL AS THE

5  GUILTY FINDING. SEE EXHIBIT "A". INITIALLY UPON

6  SUBMITTING MY CDC 602, THE APPEALS COORDINATOR

7  ELOY MEDINA, UNLAWFULLY SCREENED OUT MY CDC 602

8  ON 7/7/06 AND REQUESTED DOCUMENTS THAT WERE

9  ALREADY ATTACHED TO THE GRIEVANCE. PETITIONER

10  THEN RESUBMITTED THE CDC 602 ON 7/19/06. AGAIN

11  ELOY MEDINA SCREENED OUT MY GRIEVANCE ON 9/21/06,

12  CLAIMING I AM APPEALING AN ACTION ALREADY TAKEN.

13  THIS IS ANOTHER UNLAWFUL SCREEN OUT THAT IS NOT

14  LISTED UNDER THE APPEAL REJECTION CRITERIA OF THE

15  CALIF. CODE OF REGULATIONS. THIS WAS A TACTIC TO

16  PREVENT MY ABILITIES TO PURSUE PROCEDURAL DUE

17  PROCESS VIOLATIONS DURING THE FIRST DISCIPLINARY

18  HEARING. AS NOTED, ELOY MEDINA'S NOTATION ON

19  THE SECOND SCREEN OUT FORM INDICATES THAT HE

20  WAS INVESTIGATING MY GRIEVANCE BEYOND PROTOCOLS

21  DEFINED UNDER THE SCREEN-OUT REJECTION CRITERIA.

22  JUST BECAUSE THE RVR LOG # SVSA-S05-10-0013 WAS

23  ORDERED REISSUED/REHEARD. DOES NOT BAR PETITIONER

24  FROM BEING ABLE TO COMPLETELY EXHAUST AVAILABLE

25  ADMINISTRATIVE REMEDIES OF EXHIBIT "A" REGARDING

26  THE PROCEDURAL DUE PROCESS ISSUES DURING THE

27  DISCIPLINARY HEARING. ELOY MEDINA KEPT MY CDC

28  602 FROM GOING FORWARD WITHOUT LEGAL CAUSE

1  GROUNDS "2" CONT...

2  OR GROUNDS. CLEARLY MY ACTION REQUESTED IN MY

3  GRIEVANCE DATED 7/5/06 WAS NOT GRANTED NOR

4  DOES THE NOTATION BY ELOY MEDINA SUPPORT MY

5  ACTION REQUESTED. THEREFORE, NOTHING HAS BEEN

6  PROVIDED TO SUPPORT THAT I AM APPEALING AN ACTION

7  ALREADY TAKEN.

8      ON SEPT. 24, 2006, I RESUBMITTED THE 7/5/06

9  EXHIBIT "A" CDC 602 WITH A WRITTEN EXPLANATION

10  WHY I DISAGREED WITH THE SECOND SCREEN OUT.

11  SEE REVERSE SIDE OF INMATE SCREEN OUT FORM

12  DATED 9/21/06.

13      ON SEPT. 27, 2006, THE APPEALS COORDINATOR

14  ELOY MEDINA UNLAWFULLY SCREENED OUT MY

15  CDC 602 AGAIN. BUT FOR REASONS THAT BECAUSE

16  MY INITIAL RVR 115 WAS ORDERED REISSUED/REHEARD

17  THAT THE RVR 115 PETITIONER IS APPEALING REGARDING

18  THE PROCEDURAL DUE PROCESS ISSUES NO LONGER HAS

19  AN ADVERSE AFFECT UPON ME WHICH IS UNTRUE

20  SINCE PRISON OFFICIALS SUCH AS THE HEARING OFFICER

21  DELIBERATELY STRAYED FROM THEIR OWN PROCEDURES

22  RESULTING TO A GUILTY FINDING WITHOUT AFFORDING

23  ME ENTITLED PROCEDURAL DUE PROCESS DURING THE RVR

24  DISCIPLINARY HEARING.

25      THE APPEALS COORDINATOR'S REASONS FOR SCREEN

26  OUTS #1, #2 AND #3 WERE ALL BEYOND THE SCOPE

27  OF THE SCREENING PROCESS DEFINED IN THE CALIF.

28  CODE OF REGULATIONS AND DELIBERATELY KEPT MY CDC

ii.

1  GROUNDS "#2" CONT...
2  602 FROM GOING FORWARD IN ORDER TO EXHAUST THE
3  APPEALED ISSUE CONTAINED IN EXHIBIT "A" SUCH AS
4  THE HEARING OFFICER'S FAILURE TO MAKE AN ASSESS-
5  MENT OF THE TRUTHFULNESS AND RELIABILITY OF THE
6  CONFIDENTIAL SOURCES AND INSERT HIS DETERMINATION
7  IN THE FINAL DISPOSITION PORTION OF THE RVR ALONG
8  WITH HIS FINDINGS. ALSO, THERE WAS NOTHING IN THE
9  PROVIDED CDC 1030 CONFIDENTIAL DISCLOSURE FORMS
10  THAT WAS ADEQUATE TO ESTABLISH EVIDENTS OF FIRST
11  HAND KNOWLEDGE AND/OR SPECIFIC STATEMENTS MADE
12  OR HEARD BEING SAID BETWEEN PETITIONER AND
13  VISITORS #1 OR #2 THAT WOULD AFFIRM AN ACTUAL
14  MEETING OF MINDS TO ESTABLISH CONSPIRACY. THESE
15  RELEVANT ISSUES AMONG THE MANY OTHER ISSUES
16  CONTAINED IN THE 7/5/06 CDC 602. SEE AND REFER
17  TO EXHIBIT "B". THIS CDC 602 IS VITAL TO ESTABLISH
18  THE LACK OF "SOME EVIDENCE" TO ESTABLISH CONSPIRACY
19  WHICH CLEARLY DEMONSTRATES THAT PETITIONER SHOULD'VE
20  NEVER BEEN CHARGED PERIOD. CALIFORNIA LAW HAS LONG
21  DECIDED THAT ONCE A CONSTITUTIONAL VIOLATION ACCRUES
22  AS A RESULT OF GOVERNMENT OFFICIALS ARBITRARY ACTS,
23  NOTHING CAN CURB THE ACT BUT FOR 42 U.S.C. § 1983.
24  THEREFORE, DISALLOWING PETITIONER TO EXHAUST HIS CDC
25  602 CREATED AND ATYPICAL AND SIGNIFICANT HARDSHIP
26       FOR THESE REASONS, PETITIONER'S ABILITIES TO
27  TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES
28  HAVE BEEN IMPEDED WARRANTING THE COURT TO MAKE

iii.

1  GROUNDS "2" CONT...

2  A DETERMINATION ON THE FACTS OF THE GRIEVED ISSUES

3  IN ITS ENTIRETY.

4        EVENTUALLY, RVR LOG #SD5-10-0013 DATED 10/20/05

5  WAS REISSUED AND REHEARD NOW LOG #SO6-07-0027R

6  RESULTING TO A SECOND GUILTY FINDING ON 10/29/06

7  AT 1855 HRS. EXACTLY 7 HOURS AND 5 MINUTES BEYOND

8  THE (30) THIRTY DAYS REQUIRED TO CONDUCT A HEARING.

9  THIS HEARING WAS CONDUCTED FOR FORMALITY SAKE AND

10  A FEEBLE ATTEMPT TO CLEAN UP CONSTITUTION VIOLATIONS.

11  AGAIN THE APPEALS COORDINATOR ELOY MEDINA HAVE

12  IMPEDED MY ABILITY TO EXHAUST MY AVAILABLE ADMIN-

13  ISTRATIVE REMEDIES ON THE GUILTY FINDING OF THE

14  REISSUED RVR, FOR STATED REASONS THAT I FAILED TO

15  MEET THE 15 DAYS TIME CONSTRAINTS. MY CDC 602

16  WAS DATED AND SUBMITTED ON DEC. 13, 2006 AND I

17  HAD RECEIVED MY FINAL COPY OF THE DISCIPLINARY HEARING

18  RVR FORM DEC. 5, 2006, THEREFORE, MY CDC 602 WAS

19  SUBMITTED (8) EIGHT DAYS FROM THE DATE I RECEIVED

20  MY FINAL COPY OF THE DISPOSITION. THE APPEALS COOR-

21  DINATOR HAS NOT PROVIDED ACCURATE PROOF THAT I

22  FAILED TO MEET THE TIME CONSTRAINTS. MY ABILITY TO

23  EXHAUST MY AVAILABLE ADMINISTRATIVE REMEDIES

24  AGAIN WERE UNLAWFULLY IMPEDED. SEE EXHIBIT "C"

25  (C.D.C. 602 DATED DEC. 13, 2006).

26        THE SCREEN OUT FORM FROM ELOY MEDINA DATED

27  JAN. 23, 2007, STATING THAT MY FINAL COPY OF MY

28  RVR HEARING WAS ISSUED TO ME ON 7/3/06 IS SO

iv.

1  GROUNDS "2" CONT...

2  UNFOUNDED. IT IS INCONCEIVABLE FOR PETITIONER TO

3  HAVE RECEIVED THE FINAL COPY OF THE DISPOSITION OF

4  THE RVR HEARING ON 7/3/06 WHEN CLEARLY THE HEARING

5  WAS CONDUCTED ON OCT. 29, 2006. THESE METHODS OF

6  SCREENING OUT INMATE APPEALS UNLAWFULLY IS AN ON-

7  GOING PRACTICE AT SALINAS VALLEY STATE PRISON AND

8  THE WARDEN M.S. EVANS IS AWARE OF IT AND HAS ACQUIESED

9  THE ACTS AND HAS TURNED A BLIND EYE ON THE MATTER.

10  THE APPEALS COORDINATORS TO INCLUDE ELOY MEDINA

11  ARE TAKING ADVANTAGE OF THE EXTRAORDINARILY HIGH

12  ILLITERACY RATE OF PRISONERS AND ARE DELIBERATELY

13  CREATING BARRIERS AND FRUSTRATING THE APPEALS PROCESS.

14  THESE FACTS PRESENTED ARE A PRIME EXAMPLE OF HIS ACTS.

15      THEREFORE, WITH THIS EVIDENCE PROVING THAT MY 602

16  WAS UNLAWFULLY IMPEDED, I AM WITHOUT ANY FORM OF

17  RELIEF FROM MY GRIEVED ISSUES WHICH STILL NEEDS

18  ADDRESSING ON THE MERITS AS DESCRIBED IN MY GROUND 1

19  WHICH IF THE COURT DECIDES TO REVIEW THE RECORDS

20  DE NOVO OR IN CAMERA, WHICHEVER IS PROPER, THEN

21  THE COURT CAN DETERMINE THAT THE GROUNDS RAISED ARE

22  ENTITLED TO RELIEF.

23      PETITIONER ALLEGES THAT THE INMATE APPEALS

24  OFFICE HERE AT S.V.S.P. IS BEING UTILIZED BY PRISON

25  OFFICIALS AS A LITIGATION POST TO SHIELD THEIRSELVES

26  AND CERTAIN COLLEAGUES FROM FILINGS BY INMATES

27  THROUGH UNLAWFUL SCREEN OUTS. MAKING IT IMPOSS-

28  IBLE TO GRIEVE THROUGH A SYSTEM THAT IS SUPPOSE TO

V.

1  GROUNDS "2" CONT...

2  BE A NEUTRAL FORUM FOR REDRESS OF GRIEVANCES,

3  GUIDED BY THE CALIF. CODE OF REGULATIONS TITLE 15.

4  INSTEAD, ELOY MEDINA AND THE OTHER APPEALS

5  COORDINATORS ARE DISREGARDING THE RULES IN SUPPORT

6  OF THE BADGE AND SHIELDS HIS COLLEAGUES.

7  WHEREFORE, THE ONLY POSSIBLE RELIEF FROM THESE

8  CDC 602'S MUST COME FROM THE COURT RECOGNIZING

9  THAT BLOCKING 602'S FROM GOING FORWARD IMPEDES

10  ACCESS TO THE COURT.

11  ALL STATE COURT REMEDIES ARE EXHAUSTED

12  RELIEF REQUESTED:

13  1. THAT THE COURT CONDUCT AN IN CAMERA REVIEW

14  OF THE CONFIDENTIAL INFORMATION TO DETERMINE WHETHER

15  FIRST HAND INFORMATION WAS PROVIDED AND WAS SUBSTANTIAL

16  ENOUGH TO BE USED AS FACTUAL EVIDENCE OF CONSPIRACY

17  TO INTRODUCE A CONTROLLED SUBSTANCE INTO S.V.S.P.

18  2. AN EVIDENTARY HEARING.

19  3. REVERSE GUILTY FINDING AND RESTORE ALL CREDITS.

20  4. EXPUNGE RVR IN ITS ENTIRETY FROM RECORDS.

21  5. MAKE A DECLARATORY JUDGMENT ON ALL U.S. AND

22  CALIFORNIA CONSTITUTIONAL RIGHTS INFRINGEMENTS AND/OR

23  DEPRIVATIONS.

24  6. THAT THE COURT GRANT THIS WRIT IN ITS ENTIRETY.

25

26  DATE: ▓▓▓▓ 2008

27  2/3/08

28  ANGEL BURRELL    IN PRO. PER.

VI.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _BRADLEY V. HALL, 64 F.3d 1276 (9TH. CIR. 1997) ; BOUNDS V. SMITH_

5    _430 U.S. 817 (1977) ; VALANDINGHAM V. BUJORQUEZ, 866 F.2d_

6    _1135 (9TH CIR. 1988) P.L.R.A. 42 U.S.C. 1997(e)_    (CONTINUE ...

7    Do you have an attorney for this petition?                    Yes____    No ✓

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on ▓▓▓▓▓▓▓▓                    _Angel Burell_

14                    Date  2/3/08                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1  CASES CONTINUED)......

2  U.S. CONSTITUTION FIRST AMENDMENT;' SANDIN V. CONNER,

3  115 S.CT. 2293 (9TH. CIR.); WOLFF V. MC DONNELL 94 S.CT.

4  2963; SUPERINTENDANT V. HILL (1985) - 472 U.S. 445-454;

5  BURNSWORTH V. GUNDERSON. 179 F.3d 771- 774 (9TH CIR 1999);

6  CALIF. CODE OF REGULATIONS TITLE 15 §§ 3321, 3084

7  PENAL CODE 2932(c)(1)(A)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

**AUG 10 2007**

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY
E. Perry

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re                                    ) Case No.: HC 5769
                                         )
          Angee Burrell                  ) ORDER    Received
                                         )            8/14/07
               On Habeas Corpus.         )

On June 13, 2007, Petitioner filed a petition for writ of habeas corpus. On June 25, 2007, Petitioner filed a proof of service.

The background of the petition is as follows.

Petitioner is currently incarcerated at Salinas Valley State Prison (SVSP).

On or about October 20, 2005, a Rules Violation Report was issued against Petitioner, for conspiracy to introduce a controlled substance. (RVR S05-10-0013.) On June 4, 2006, Petitioner was found guilty of conspiracy to introduce a controlled substance and was assessed a 180-day credit forfeiture. On or about July 5, 2006, Petitioner submitted an appeal, challenging the guilty finding. His appeal was screened out.

On September 21, 2006, the Chief Disciplinary Officer D. Travers ordered the Rules Violation Report (RVR S05-10-0013) to be reissued and reheard because the Senior Hearing Officer failed to assess reliability of confidential information.

On or about September 21, 2006, the Rules Violation Report was reissued against Petitioner, for conspiracy to introduce a controlled substance. (RVR S06-09-0027R.) On or about October 29, 2006, Petitioner was found guilty of conspiracy to introduce a controlled substance and was assessed a 180-day credit forfeiture. On or about December 13, 2006, Petitioner submitted an appeal, raising several issues. One of the issues Petitioner raised was the guilty finding of conspiracy to introduce a controlled substance. On or about December 20,

1

1   2006, Petitioner's appeal was screened out. Petitioner resubmitted his appeal. On or about

2   January 23, 2007, Petitioner's appeal was rejected on the grounds that 1) time constraints were

3   not met; and that 2) the appeal contained numerous and separate issues.

4       In the instant petition, Petitioner claims that he was improperly found guilty of

5   conspiracy to introduce a controlled substance at the October 29, 2006 disciplinary hearing.

6       Petitioner claims that his disciplinary hearing was not timely held. California Code of

7   Regulations, title 15, section 3320(b) provides that the charges shall be heard within 30 *days*

8   from the date the inmate is provided a copy of the CDC Form 115. Here, Petitioner was

9   provided a copy of the CDC Form 115 on September 29, 2006. His disciplinary hearing was

10  held on October 29, 2006 (the 30th day). Petitioner appears to claim that the hearing was

11  untimely held on October 29, 2006 at 18:55 p.m. because he was given a copy of the CDC Form

12  115 on September 29, 2006 at 11:50 a.m. Petitioner's claim fails because section 3320(b) speaks

13  in terms of *days, not hours*.

14      Petitioner claims that the evidence was insufficient to support the guilty finding. This

15  claim is not persuasive. A prison administrator's decision to revoke good time credits must be

16  based on some evidence. *Superintendent v. Hill* (1985) 472 U.S. 445, 455. This standard is

17  minimally stringent. The relevant question is whether there is *any* evidence in the record that

18  could support the conclusion reached by the disciplinary board. *Superintendent v. Hill*, *supra*,

19  472 U.S. at p. 455. Here, there is some evidence supporting the Senior Hearing Officer's guilty

20  finding.

21      The guilty finding was based on the confidential memos of September 30, 2005 and

22  October 18, 2005, authored by Investigative Services Unit (ISU) Officer S. Henley and attested

23  to by the three CDC1030 Forms. According to the CDC1030 Forms, sources stated that

24  Petitioner had been conspiring with his wife to introduce a controlled substance into SVSP

25

2

1   through a visit. One source stated that Petitioner and his ex-cellmate, Inmate Henderson, were

2   bringing large quantities of narcotics into SVSP through visits.

3           The guilty finding was also based on the Rules Violation Report, authored by

4   Correctional Officer S. Henley. The information provided by the sources proved to be true. On

5   October 16, 2005, the ISU was conducting an investigation regarding the introduction of a

6   controlled substance into SVSP. On that day, Visiting Sergeant Knuckles contacted the ISU to

7   alert that Petitioner's wife (Visitor 1) had arrived at the Central Visiting Processing Center. The

8   ISU informed Visitor 1 that they had obtained a search warrant, and asked Visitor 1 to relinquish

9   her vehicle key. When the ISU searched Visitor 1's vehicle, they found items consistent with the

10  packaging of a controlled substance (baggies, tape, balloons and Vaseline), leading them to

11  believe that she was in possession of a controlled substance with the intention to introduce it into

12  the prison. Visitor 1 was transported to an outside hospital where four balloons were recovered

13  from her. The balloons contained marijuana. The ISU also found out that a visitor of Inmate

14  Henderson (Visitor 2) arrived at SVSP with Visitor 1 and that upon her arrival, Visitor 2 used the

15  restroom. The ISU conducted a search of the restroom and discovered a balloon containing

16  narcotics. During the interview with the ISU, Visitor 2 stated that she attempted to hide the

17  balloon in the paper toilet seat covers on the wall.

18          Petitioner claims that the use of confidential information did not comply with

19  Administrative Bulletin 92/15 (Use of Confidential Information in Disciplinary Hearings). His

20  claim is not persuasive. The Senior Hearing Officer found the information provided by the

21  sources to be reliable. All of the sources had previously provided confidential information which

22  had proven to be true. There was more than one source that independently provided the same

23  information. The sources incriminated themselves in criminal activities at the time of providing

24  the information. Part of the information provided by the sources had already proven to be true.

25  Petitioner appears to claim that some of the information required by the Administrative Bulletin

3

1   92/15 is not found in the finding portion of the Rules Violation Report. The Administrative

2   Bulletin 92/15 requires that certain information be contained in a confidential memorandum,

3   incident report or finding portion of the CDC Form 115 with investigative information and

4   appropriate documentation. The fact that some of the information required by the Administrative

5   Bulletin 92/15 is not found in the finding portion of the CDC Form 115 does not mean that the

6   required information is not contained in other documents such as confidential memos and

7   incident report.

8       Petitioner's challenge to the guilty finding of October 29, 2006 also fails because

9   Petitioner has failed to exhaust his administrative remedies. See *In re Muszalski* (1975) 52

10  Cal.App.3d 500, 508.

11      Petitioner's claim that his appeal dated July 5, 2006 was improperly screened out is moot.

12  In his appeal dated July 5, 2006, Petitioner challenged the June 4, 2006 guilty finding of

13  conspiracy to introduce a controlled substance. However, his Rules Violation Report was

14  subsequently reissued and reheard on October 29, 2006. Thus, the issue Petitioner raised in his

15  appeal became moot.

16      Petitioner claims that his appeal dated December 13, 2006 was improperly screened out.

17  This claim is not persuasive. His appeal was screened out on two grounds. The Appeals

18  Coordinator's claim that the submission of the appeal was untimely was not correct. Petitioner

19  received the final copy of the Rules Violation Report on December 5, 2006, and timely

20  submitted his appeal on or about December 13, 2006. However, his appeal was properly

21  screened out on the basis that the appeal raised numerous and separate issues. In his appeal

22  dated December 13, 2006, Petitioner challenged the October 29, 2006 guilty finding *and also*

23  *raised other issues* such as misconduct by prison staff. After his appeal was screened out on

24  January 23, 2007, Petitioner failed to follow the instructions on the Inmate Appeal Screening

25  Form. The Inmate Appeal Screening Form states, "If you allege the above reason is inaccurate,

4

1    then attach an explanation . . . Please return this form to the Appeals Coordinator with the

2    necessary information attached." (See Inmate Appeal Screening Form dated January 23, 2007.)

3    Petitioner fails to explain why he did not submit an explanation to the Appeals Coordinator if he

4    believed that the screen-out was improper. See *People v. Duvall* (1995) 9 Cal.4th 464, 474.

5         In light of the foregoing, the petition is denied.

6         IT IS SO ORDERED.

7    Dated:  8-10-07

8

9                                        Hon. Gary E. Meyer
                                         Judge of the Superior Court
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

August 10, 2007 I deposited true and correct copies of the following document: ORDER

in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California,

directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Angee Burrell T48872
Salinas Valley State Prison
PO Box 1050 D7-231
Soledad, CA. 93960

Dated: 8/10/07

LISA M. GALDOS,
Clerk of the Court

By: _____
    Deputy E. Perry

1  ANGEE BURRELL
2  T48872   D7-231
3  P.O. Box  1050
4  Soledad, CALIF. 93960
5  SALINAS VALLEY STATE PRISON

6

7  IN PRO. PER.

8                    CALIFORNIA COURT OF APPEALS
9                     FOR THE 5th DISTRICT

10

11  IN RE:                    ) CASE #: HC 5769
12        ANGEE BURRELL       ) CT. OF APP. #
13            ON HABEAS CORPUS ) NOTICE OF APPEAL

14

15         PETITIONER CONTENDS THAT THE SUPERIOR COURT
16  ERRED IN ITS DENIAL WHEN IT FAILED TO CONDUCT AN
17  EVIDENTARY HEARING IN ORDER TO EXAMINE THE ENTIRE
18  RECORD TO PROPERLY MAKE ITS DETERMINATION BASED ON
19  FACTS INSTEAD OF SIMPLY UPHOLDING PRISON OFFICIALS
20  ARBITRARY FINDINGS. CLEARLY THE RECORD REFLECTS AN
21  ABUNDANCE OF ASSUMPTION, SPECULATION AND PRISON
22  OFFICIALS COMMON BELIEFS SURROUNDING THE CIRCUMSTANCES
23  OF THE EVENTS. BUT THE PETITION IF REVIEWED PROPER
24  WOULD DEMONSTRATE THAT I HAVE A PRIMA FACIE CASE.
25  PETITIONER PRAYS FOR RELIEF ON APPEAL BY THIS COURT.

26

27  DATED: 8/27/07              ANGEE BURRELL
28                                IN PRO. PER.



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

**FILED**

OCT 3 - 2007

MICHAEL J. YERLY, Clerk

By _____
                    DEPUTY

In re ANGEE BURRELL,

on Habeas Corpus.

H032026
(Monterey County
Super. Ct. No. HC5769)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated ___ OCT 3 - 2007 ___     ___ BAMATTRE-MANOUKIAN, J. ___ Acting P.J.

S157160

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ANGEE BURRELL on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921.)

SUPREME COURT
**FILED**

NOV **2 8** 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

# EXHIBIT A

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation
CDCR-695

INMATE: Burrell _____ CDC #: T-48872 _____ CDC HOUSING: D7-216

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[X] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
Services, submit your request on a CDCR-Form 7362.
If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
document and pencil/inks other than black or blue do
not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:  You may write on back of this form to clarify or respond to the above.**

to Appeal an RVR, you must attach a
complete final copy w/ all Attachments
(837, 115A, 1030s, etc)

7/21/06 - Attach I.E. report, S/A report

READ REVERSE Side

Eloy Medina, CC-II    Date: 7/7/06
**Appeals Coordinator**

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*.  **Please
return this form to the Appeals Coordinator with the necessary information attached.**

**PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE***

State of California        **INMATE / PAROLEE APPEAL SCREENING FORM**        Department of Corrections and Rehabilitation

CDCR-695

INMATE: _Burrell_____ CDC #: _T-48872_____ CDC HOUSING: _D7-231_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical

Services, submit your request on a CDCR-Form 7362.

If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal

document and pencil/inks other than black or blue do

not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:  You may write on back of this form to clarify or respond to the above.**

Appealing Action Already taken

during research of your Appeal, it was
discovered that the RVR (S05-10-0013) was in
the process of being reissued/reheard by the
Chief Disciplinary Officer.

REC'D SEP 26 2006
DELIVERED SEP 2 9 2006

Read Revelse, side
9/04/06

**Eloy Medina, CC-II**                                    Date: _9/21/06_
**Appeals Coordinator**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

3

State of Ca~~~ ~ia    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation

CDCR-695

NMATE: _Burrell_    CDC #: _T-48872_    CDC HOUSING: _D7-231_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[X] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical

Services, submit your request on a CDCR-Form 7362.

If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal

document and pencil/inks other than black or blue do

not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:  You may write on back of this form to clarify or respond to the above.**

Burrell – I read your comments. However, there is

no significant adverse effect. You were appealing

an RVR. The RVR was ordered Reissue/Rehear.

Therefore, the RVR you were appealing no longer

has an adverse effect upon you.

:loy Medina, CC-II

Date: _9/27/06_

\ppeals Coordinator

'his screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation

n a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please

eturn this form to the Appeals Coordinator with the necessary information attached.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | SVSP | 1. OO-O244B | 1 |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

RVR    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

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Birell | T-48872 | D-7-Porter | D-7-216 |

A. Describe Problem: Nothing in this Report Reveals that Visitor 1 & 2 At Any time Implicated me in Any of the Activities Surrounding Introducing Any controlled substance in the Prison. This Report is Devoid Any information which Establishes that there Were a meeting of the minds Between Visitors 1 & 2 to Affirm that we All Agreed to Act together to introduce Any controlled substance into the Prison the Hearing Office Has fail to document in His finding's.

see ATTACK. sheet

If you need more space, attach one additional sh-- REC'D JUL 0 8 2006    DELIVERED JUL 1 8 2006

B. Action Requested: Based on insifficiency of evidence to establish A conspiracy to introduce controlled substances into the institution, in the interest of Justice the RVR must Be Dismissed...

RET'D AUG 0 4 2006

Inmate/Parolee Signature: Angel Birrell    REC'D JUL 2 0 2006    Date Submitted: 7/5/06

C. INFORMAL LEVEL (Date Received: _____ )

REC'D SEP 2 6 2006

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

e: Property/Funds appeals must be accompanied by a completed board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation
CDCR-695

INMATE: Burrell _____ CDC #: T-48872 _____ CDC HOUSING: D7-23 /

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

**YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):**

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[X] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
Services, submit your request on a CDCR-Form 7362.
If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
document and pencil/inks other than black or blue do
not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
Comments: You may write on back of this form to clarify or respond to the above.

Burrell - to appeal an RVR, you must submit an
Appeal w/in 15 days of receipt of final copy.
1 RVR per Appeal, when submitting the appeal -
attach copies of all documents pertaining to appeal
RVR noting due process/procedural violations.

to submit a staff complaint, note: who, what, where,
when, how : witnesses. Be specific, general accusations
like "they conspired against me" is not enough. You
need to state how, when, witnesses, etc.

Also, I don't work w/ officer Henley : I don't
even know who you are, How could I conspire
against you?                    Read Reverse side

**Eloy Medina, CC-II**    REC'D JAN 22 2007    Date: 12/20/06
**Appeals Coordinator**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

(continued - ISSUE.

Specifically what the C.D.C 1030 Attests to that show that I did conspire with my wife to introduce controlled substance into the institution. the disposition has not specified what was said between visitor's #1 or #2 And me in order for the hearing office to establish A conspiracy to introduce Any controlled substances into the institution nor does the report detail the reliability of the sources attached to the relied upon CDC 1030 Form. Without Any form of evidence ie... First hand knowledge And specific statements made or heard being said between myself And visitor #1 or #2, conspiracy cannot be established. The hearing officer has failed in every aspect of this disciplinary hearing to establish conspiracy.. in order to base the findings on the preponderance of evidence that I am being found guilty of conspiracy to introduce A controlled substance into the institution. The disciplinary hearing office cannot Assume due the circumstances of the events leading to this RVR "but" base his decision on the evidence and the C.D.C 1030 disclosure has not provided Any information that clearly states the contents of Any conversation between myself And visitor #1 or #2 demonstrating Any meeting of the mind in conspiracy to introduce Any controlled substance into the prison - The constraints were not met" (see Title 15 CC JJ6.8C J(1)(7) from the District Attorney "Receipt". On 6/3/06 Lt. Showalter interview me And Assigned officer Kidd As staff Assistant, which Lt. Kidd, straight lying about questing me about the 115. Lt. Kidd never spoke with me. And I tryed to speak in that issue during the hearing to Lt. Showalter. I try to explain that in the hearing but was told to shut up "Respectfully Submitted".
This RVR must be Dismissed.

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-43872 | BURRELL | | | S.V.S.P. | B5-216 | SO5-10-00 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS CONSPIRACY TO | | LOCATION CENTRAL | DATE | TIME |
|---|---|---|---|---|---|
| CCR §3016(a) | INTRODUCE A CONTROLLED SUBST. | | VIS. PROCESS. | 10-15-05 | 1030 HRS. |

CIRCUMSTANCES On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP, this investigation was concluded on October 20, 2005. On October 15, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that an approved visitor of Inmate Burrell T-43872, B5-216, had arrived at the Central Visiting Processing Center and had signed a CDC 1000, Visitors Pass. (Burrell's visitor will be referred to as Visitor #1 within this report) ISU then responded to the Central Visiting Processing Center, where I made the **initial** contact with Visitor #1. Due to numerous visitors in the visitors processing room, I asked Visitor #1 to step out of the visiting area, where I could talk with her privately. Upon exiting the visiting processing area I informed Visitor #1 that I was conducting an investigation and that I needed to speak with her. Visitor #1 was then escorted to the SVSP Administration Building, In Service Training (IST) class room. Visitor #1 was then advised that she was suspected of bringing a controlled substance into SVSP. Visitor #1 was informed that this that had obtained a search warrant and that the search warrant included her person, her personal belongings and any **vehicle** she arrived in. **Visitor #1** then asked to relinquish her vehicle key, at which time she did. Visitor #1 also indicated that she
CONTINUED ON PART C

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ S. Henley, Correctional Officer | | 10-27-05 | S&I #2 | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☒ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ J. St. | | 10-20-05 | DATE 1 | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | |
|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | | |
| ☒ SERIOUS | A-2 | 10/24/05 | ▶ | ☐ HO | ☒ SHO | ☐ SC    ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT | | |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING
Plea: NOT GUILTY.

**Findings:** Inmate BURRELL was found GUILTY of CCR §3016(a), specifically "Conspiracy To Introduce A Controlled Substance" a Division "A2" offense. This finding is based on the preponderance of evidence presented at the hearing, which **does** substantiate the charge. The evidence presented at the hearing included: **SEE CDC-115-C.**

**Disposition:** Inmate BURRELL assessed **180** days forfeiture of credits in accordance with a Division "A2" offense per CCR §3323(c)(8).

**Additional Disposition:** Inmate BURRELL was counseled and warned.

**Classification Referral:** Refer to ICC for program review.

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) W. Snowalter, Correctional Lieutenant | SIGNATURE ▶ | | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ G. Noll, C.A.C. | | DATE |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA                                            DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                    PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48372 | BURRELL | S05-10-0013 | S. V. S. P. | 10-16-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER

had provided a second visitor with a ride and identified her as Visitor #2 an approved visitor of Inmate Henderson, D-58455, B5-132. Sergeant Knuckles was informed and she requested that visiting staff have Visitor #2 report back to the visiting processing center. Officer's A. Diaz and M. Valdez conducted the vehicle search. During the interview I informed Visitor #1 that I would like to utilize a Narcotic Canine during the search of her vehicle at which time she stated thats "OK." During the canine search of Visitor #1's vehicle, the narcotic canine alerted to the following area's: Front passenger seat. Front Console (Ashtray area) and the second row seat, near the sliding door. During the hand search of the vehicle Officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E. Baggies, tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison.

I was informed by Sergeant A. Carriaga that during the search of the rest room in the Facility "B" visiting a balloon was found that contained suspected controlled substance.

During the investigation it was discovered that Visitor #2 had arrived at SVSP with Visitor #1 and prior to our arrival to the visiting processing center Visitor #2 was allowed to enter the institution. Visitor #2 arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stall that contained suspected narcotics.

At approximately 1300 hours, ISU interviewed Visitor #2 regarding the balloon that was found in the rest room of the Facility "B" Visiting. Visitor #2 stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Visitor #1 to an outside hospital where four balloons were recovered from Visitor #1. The balloons were placed into evidence bags and kept in my possession. I then returned to SVSP and placed the following items into evidence:
Four balloons of suspected Marijuana. These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker #51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005). The photographs consisted of the following: Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon completion of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana.

Upon completion of the presumptive test, I placed the suspected Marijuana and the wrapping (I.E. Balloons, tape and plastic) in individual zip lock baggies and placed them in Evidence bags securing them into ISU Evidence Locker 51.

Inmate Burrell is / is not a participant in the MHDS.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| S. Henley, Correctional Officer | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 10/20/05 | 17:00 |

CDC 115-C (5/95)                                              OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
PAGE __3of 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S05-10-0013 | S.V.S.P. | 06/04/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**Witness Testimony at Hearing:** The SHO contacted Officer S. Henley, via telephone, and asked the following question:

Q: How reliable are the witnesses used on the CDC 1030's?
A: Obviously reliable enough because we got 77.77 grams off of Inmate Burrell's wife, Mrs. Reed.

There were no other questions.

**Confidential Information:** The confidential information disclosed that Inmate BURRELL had in fact been conspiring with Visitor #1 to introduce a controlled substance into the institution.

**Findings:** Inmate BURRELL is found GUILTY of "Conspiracy To Introduce A Controlled Substance." This finding is based upon the following preponderance of evidence:

**A:** RVR Log #S05-10-0013 authored by Correctional Officer S. Henley, which states in part, "On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP, this investigation was concluded on October 20, 2005. On October 16, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that an approved visitor of Inmate Burrell T-48872, B5-216, had arrived at the Central Visiting Processing Center and had signed a CDC 1000, Visitors Pass. (Burrell's visitor will be referred to as Visitor #1 within this report) ISU then responded to the Central Visiting Processing Center, where I made the initial contact with Visitor #1. Due to numerous visitors in the visitors processing room, I asked Visitor #1 to step out of the visiting area, where I could talk with her privately. Upon exiting the visiting processing area I informed Visitor #1 that I was conducting an investigation and that I needed to speak with her. Visitor #1 was then escorted to the SVSP Administration Building, In Service Training (IST) class room. Visitor #1 was then advised that she was suspected of bringing a controlled substance into SVSP. Visitor #1 was informed that this unit had obtained a search warrant and that the search warrant included her person, her personal belongings and any vehicle she arrived in. Visitor #1 then asked to relinquish her vehicle key, at which time she did. Visitor #1 also indicated that she had provided a second visitor with a ride and identified her as Visitor #2 an approved visitor of Inmate Henderson, J-58455, B5-132. Sergeant Knuckles was informed and she requested that visiting staff have Visitor #2 report back to the visiting processing center. Officer's A. Diaz and M. Valdez conducted the vehicle search. During the interview I informed Visitor #1 that I would like to utilize a Narcotic Canine during the search of her vehicle at which time she stated thats "OK." During the canine search of Visitor #1's vehicle, the narcotic canine alerted to the following area's: Front passenger seat. Front Console (Ashtray area) and the second row seat, near the sliding door. During the hand search of the vehicle Officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E. Baggies, tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison.

I was informed by Sergeant A. Carriaga that during the search of the rest room in the Facility "B" visiting a balloon was found that contained suspected controlled substance.

**(Continued On Part C)**

W. Snowalter, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 6-4-06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | 1815 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S05-10-0013 | S.V.S.P. | 06/04/06 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER_____

**Hearing:** 06/04/06.    **Time:** 1825 hours.    **Any Postponement Explained:** None.

**Inmate's Health:** Inmate BURRELL stated his health was good. **MHSDS:** Inmate BURRELL **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate BURRELL exhibited any bizarre behavior that raised concerns about his mental health. At the hearing, Inmate BURRELL did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

Date of Discovery:  10/20/05.       Initial RVR copy issued on: 10/20/05.
Hearing started on: 06/04/06.       Last document issued to inmate on: 05/26/06.
D.A. postponed date: 10/20/05.      D.A. results issued date: 05/11/06.        Time Constraints: Met.

**Staff Assistant:**  Correctional Officer H. Kidd was assigned as Staff Assistant and was present at the hearing and confirmed she interviewed Inmate BURRELL 24 hours prior to the hearing. Officer Kidd also confirmed she explained the hearing procedures, disciplinary charge and supporting evidence to inmate BURRELL. Officer Kidd was newly assigned on 06/03/06, at 1820 hours. She introduced herself to Inmate BURRELL and asked if he had any questions. Inmate BURRELL stated to Officer Kidd, "No."

Subsequently, at the hearing Inmate BURRELL stated, "I don't understand." When I asked him if he had understood the RVR yesterday, he admitted to having had no questions of Officer Kidd when she spoke with him and reviewed the RVR 115 with him.

**Investigative Employee:** On 05/17/06, Correctional Officer R. Wysinger was assigned as the Investigative Employee.

**D.A. Referral:** This matter was referred to the District Attorney for possible felony prosecution, but was rejected by the D.A. on 05/11/06, thus starting the 30 day clock on time constraints. Inmate BURRELL did request the hearing be postponed pending the outcome of the D.A. referral, as documented by his signature on the CDC-115A, dated 10/20/05.

**Evidence Requested:** None. **External/Outside Evidence:** None. **Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** The charges were read aloud and Inmate BURRELL stated he was prepared to proceed with the hearing. Inmate BURRELL entered a plea of NOT GUILTY and stated, "Only statement I have has elapsed, is that time has elapsed. I'm confused as to why this is proceeding."

**Witnesses Requested:** Inmate BURRELL requested the Reporting Employee, Officer S. Henley, as a witness to be present at the hearing. This request was GRANTED.

(Continued On Part C)

W. Showalter, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | W. ___ | | 6/4/06 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | | |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                            DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                           PAGE ___ OF _4_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S05-10-0013 | S.V.S.P. | 06/04/06 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER_____

**(Findings Continued)**

During the investigation it was discovered that Visitor #2 had arrived at SVSP with Visitor #1 and prior to our arrival to the visiting processing center Visitor #2 was allowed to enter the institution. Visitor #2 arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stall that contained suspected narcotics.

At approximately 1300 hours, ISU interviewed Visitor #2 regarding the balloon that was found in the rest room of the Facility "B" Visiting. Visitor #2 stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Visitor #1 to an outside hospital where four balloons were recovered from Visitor #1. The balloons were placed into evidence bags and kept in my possession. I then returned to SVSP and placed the following items into evidence:

**Four balloons of suspected Marijuana.** These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker #51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005). The photographs consisted of the following: Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon completion of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana.

Upon completion of the presumptive test, I placed the suspected Marijuana and the wrapping (I.E. Balloons, tape and plastic) in individual zip lock baggies and placed them in Evidence bags securing them into ISU Evidence Locker 51."

**B:** The Confidential Memorandum attested to by the CDC 1030 Form shows that Inmate BURRELL did conspire with his wife to introduce controlled substances into the institution.

**Conclusion:** Inmate BURRELL is found guilty of Conspiring To Introduce A Controlled Substance, a Division "A-2" Offense. Since Inmate BURRELL never came into contact with the drugs that were found to be associated with his visitor, Inmate BURRELL is guilty of conspiring and not carrying through to the completed act to introduce those drugs.

Inmate BURRELL's **visiting** privileges are suspended based on CCR §3176.4(d) and (5) in that this is a Serious Violation is associated with visiting.

**Additional Disposition:** Inmate BURRELL assessed **90** days loss of visiting beginning on 06/04/06 and concluding on 09/02/06.

**Enemy Concerns:** None.

**Appeal Rights:** Inmate BURRELL was advised of his appeal rights per CCR §3084.1(a). Inmate BURRELL was also informed of the CCR Restoration Amendment per AVB 96/4, in that effective April 1, 1996, any RVR resulting in credit loss greater than 90 days (Division A1, A2, B, or C offenses) will not be restored. Inmate BURRELL was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

W. Showalter, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | W. Showalter | | 6-4-06 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | | |

CDC 115-C (5/95)                                                                            OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-43872 | BURRELL | CCR §3016(a) | 10-10-05 | S.V.S.P. | S05-10-1013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ ASSIGNED | DATE 5/16 | NAME OF STAFF |
| ☒ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☒ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☒ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:
— NONE —

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 05/17/06, I was assigned as Investigative Employee for CDC-115 Log S05-10-1013. I informed inmate BURRELL of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate BURRELL stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** Inmate BURRELL (P-43872) made the following statement: "I just want the 115 heard so I can transfer."

**REPORTING EMPLOYEE'S STATEMENT:** Correctional Officer W. Bailey made the following statement: "On October 10, 2005, the Investigative Services Unit served a search warrant on Darla Reed, approved visitor of inmate BURRELL. Under the services of this search warrant, 77.77 grams of marijuana was recovered from Ms. Reed. Ms. Reed arrived at SVSP with the intention of visiting inmate BURRELL."

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** Correctional Officer P. Wysinger made the following statement: "On 5/17/06, I was assigned as the I.E. for inmate BURRELL (P-43872). Inmate BURRELL had no object to myself being the I.E. When I asked if he had anything to add or any questions, BURRELL stated, "I have nothing to say, I just want this heard so I can transfer."

P. Wysinger, Correctional Officer

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

CDC 115-A (7/88)

OSP 03 74845

*— If additional space is required use supplemental pages —*

**STATE OF CALIFORNIA**
## RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-48872 | BURRELL | | | S.V.S.P. | B5-216 | S05-10-001 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS CONSPIRACY TO | LOCATION CENTRAL | DATE | TIME |
|---|---|---|---|---|
| CCR §3016(a) | INTRODUCE A CONTROLLED SUBST. | VIS. PROCESS. | 10-16-05 | 1030 HRS. |

CIRCUMSTANCES On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP, this investigation was concluded on October 20, 2005. On October 16, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that an approved visitor of Inmate Burrell T-48872, B5-216, had arrived at the Central Visiting Processing Center and had signed a CDC 1000, Visitors Pass. (Burrell's visitor will be referred to as Visitor #1 within this report) ISU then responded to the Central Visiting Processing Center, where I made the initial contact with Visitor #1. Due to numerous visitors in the visitors processing room, I asked Visitor #1 to step out of the visiting area, where I could talk with her privately. Upon exiting the visiting processing area I informed Visitor #1 that I was conducting an investigation and that I needed to speak with her. Visitor #1 was then escorted to the SVSP Administration Building, In Service Training (IST) class room. Visitor #1 was then advised that she was suspected of bringing a controlled substance into SVSP. Visitor #1 was informed that this unit had obtained a search warrant and that the search warrant included her person, her personal belongings and any vehicle she arrived in. Visitor #1 then asked to relinquish her vehicle key, at which time she did. Visitor #1 also indicated that she CONTINUED ON PART C

| REPORTING EMPLOYEE (Typed Name and Signature) | | | DATE | | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|---|---|
| S. Henley, Correctional Officer | | | 10-20-05 | | S&I #2 | | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☒ INMATE SEGREGATED PENDING HEARING | | | |
|---|---|---|---|---|---|---|
| | | 10-20-05 | DATE | | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | | | |
| ☒ SERIOUS | F10 | 10/10/05 | ▶ | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC | | |

| | | COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | | |
| | ▶ | | | | | | |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | | | | ▶ | | |

**HEARING**

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | | ▶ | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-43372 | BURRELL | S5-10-0013 | S. V. S. P. | 10-16-95 |

| SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | HEARING | IE REPORT | OTHER |

had provided a second visitor with a ride and identified her as Visitor #2 an approved visitor of Inmate Henderson, D-58455, B5-132. Sergeant Knuckles was informed and she requested that visiting staff have Visitor #2 report back to the visiting processing center. Officer's A. Diaz and M. Valdez conducted the vehicle search. During the interview I informed Visitor #1 that I would like to utilize a Narcotic Canine during the search of her vehicle at which time she stated thats "OK." During the canine search of Visitor #1's vehicle, the narcotic canine alerted to the following area's: Front passenger seat. Front Console (Asitray area) and the second row seat, near the sliding door. During the hand search of the vehicle Officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E. Baggies, tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison.

I was informed by Sergeant A. Carriaga that during the search of the rest room in the Facility "B" visiting a balloon was found that contained suspected controlled substance.

During the investigation it was discovered that Visitor #2 had arrived at SVSP with Visitor #1 and prior to our arrival to the visiting processing center Visitor #2 was allowed to enter the institution. Visitor #2 arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stall that contained suspected narcotics.

At approximately 1300 hours, ISU interviewed Visitor #2 regarding the balloon that was found in the rest room of the Facility "B" Visiting. Visitor #2 stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Visitor #1 to an outside hospital where four balloons were recovered from Visitor #1. The balloons were placed into evidence bags and kept in my possession. I then returned to SVSP and placed the following items into evidence:
Four balloons of suspected Marijuana. These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker #51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005). The photographs consisted of the following: Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon completion of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana.

Upon completion of the presumptive test, I placed the suspected Marijuana and the wrapping (I.E. Balloons, tape and plastic) in individual zip lock baggies and placed them in Evidence bags securing them into ISU Evidence Locker 51.

Inmate Burrell is / is not a participant in the MHDS.

| SIGNATURE OF WRITER<br>S. Healey, Correctional Officer | DATE SIGNED<br>10-21-95 |
|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-48872 | BURRELL | CCR §3016(a) | 10-16-05 | S.V.S.P. | S05-10-0013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT     ☒ YES     ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ INMATE'S SIGNATURE | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ **I REVOKE** my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE     ☐ STAFF ASSISTANT     ☐ INVESTIGATIVE EMPLOYEE     ☐ OTHER _____     ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|
| | ▶ | | |
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

CDC 115-A (7/88)                    — *If additional space is required use supplemental pages* —

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: T-48872   INMATE NAME: Burrell

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _10·20·05_ submitted by

_S. Hanley    C/O_

**STAFF NAME, TITLE**

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _10·16·05_

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☒ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: _I/m Burrell has been Conspiring w/ his Spouse to introduce a Controlled Substance into SVSP._

_____

_____

**(If additional space needed, attach another sheet.)**

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Confidential Memorandum dated 10·18·05_

_S. Hanley    C/O_                    _10·20·05_

**STAFF SIGNATURE, TITLE**                    **DATE DISCLOSED**

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

**STATE OF CALIFORNIA**
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: D-58A55    INMATE NAME: Henderson

1)  Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)  CDC-115, Disciplinary Report dated ___10.16.05___ submitted by
    ___S. Henley___ C/O
    STAFF NAME, TITLE

b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated ___10.16.05___

2)  Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a)  ☒  This source has previously provided confidential information which has proven to be true.

b)  ☐  This source participated in and successfully completed a Polygraph examination.

c)  ☒  More than one source independently provided the same information.

d)  ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

e)  ☒  Part of the information provided by the source(s) has already proven to be true.

f)  ☐  Other (EXPLAIN) _____

3)  Disclosure of information received.

The information received indicated the following: ___I/m Henderson, D-58A55, I/m Burrell's x-cell mate are bringing large quantities of Narcotic's into Salinas Valley State Prison, Through their Scheduled Visits.___

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder.) ___Confidential Memorandum, dated Sept 20 2005___

___Henley___
STAFF SIGNATURE, TITLE

___10.17.05___
DATE DISCLOSED

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: T-48872    INMATE NAME: Burrell

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

(a) CDC-115, Disciplinary Report dated _____ 10·18·05 _____ submitted by

S. Henley    CD

STAFF NAME, TITLE

(b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ 10·16·05.

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☒ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: I'm Burrell and his wife (Carla Reed) had/have conspired to introduce a Controlled Substance into Salinas Valley State Prison, Through A Visit.

_____
(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). Confidential Memorandum dated Sept 30, 2005.

_____ CD    10·17·05

STAFF SIGNATURE, TITLE    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

# MONTEREY COUNTY

## OFFICE OF THE DISTRICT ATTORNEY
### DEAN D. FLIPPO
240 CHURCH STREET – P.O. BOX 1131 SALINAS, CALIFORNIA 93902
(831) – 755-5070          FAX (831) – 755-5068

May 3, 2006

M.S. Evans, Warden (A)
Salinas Valley State Prison
31625 Hwy. 101
P.O. Box 1020
Soledad, CA  93960-1020

**RE:   Burrell – T48872**

Your incident report October 16, 2005 has been reviewed and evaluated.  We decline prosecution as we feel this matter could best be handled administratively.

Very truly yours,

DEAN D. FLIPPO
District Attorney

Rick Storms,
Deputy District Attorney

**I.R.  SVP-05-10-0667**
**Orig. Central File**
Cc:   Assoc. Warden's File
        Facility Captain
        Inmate ISU File

RECEIVED

MAY 1 1 2006

ASSOCIATE WARDEN, OPS

1/m Copy

CDC - 128B (Rev. 4/74)

NAME and NUMBER    BURRELL, T-48872

Case #SVP-CEN-05-10-0667, dated 10/16/2005, 115 Log # _____ was forwarded to the
Investigative Services Unit (ISU) for referral to the District Attorney's Office.    On 5/4/2006 this case was
returned to ISU indicating the case has been:

☐ Accepted by the D.A.
☒ Rejected by the D.A.    (Rejected 5/3/2006)
☐ Declined by I.S.U.

cc:    C-File
       Inmate
       115 Desk
       ISU case file
       Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 5/4/2006

(DISTRICT ATTORNEY REFERRAL)         GENERAL CHRONO

RECEIVED

MAY 1 1 2006

ASSOCIATE WARDEN, OPS

SALINAS VALLEY STATE PRISON
SOLEDAD, CALIFORNIA

## DEPARTMENT OF JUSTICE
## PRESUMPTIVE DRUG SCREEN TEST REPORT

Date Discovered: 10/16/2005                Time Discovered: 1030

Confiscating Staff Member: A. DIAZ              Rank: CORRECTIONAL OFFICER
Inmate Name & Number:   **BURRELL, T-48872**        Cell:  **B5-216**

THE MATERIAL IN QUESTION WAS TESTED FOR THE FOLLOWING:

|                               | POSITIVE | NEGATIVE |
|-------------------------------|----------|----------|
| **MARIJUANA/HASHISH**         | ☒        | ☐        |
| **AMPHETAMINE**               | ☐        | ☐        |
| **HEROIN**                    | ☐        | ☐        |
| **COCAINE**                   | ☐        | ☐        |
| **BARBITURATE**               | ☐        | ☐        |
| **OTHER: Methamphetamine**    | ☐        | ☐        |

Color Indicated: Blue/Violet

Weight:   6.38 grams

Certified Testing Officer:  A. DIAZ            Position: SECURITY SQUAD #8

Date Tested: 10/16/2005                  Time Tested: 21:30

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

## WAIVER OF INDEPENDENT LABORATORY TESTING

PURSUANT WITH CALIFORNIA CODE OF REGULATIONS, TITLE 15, RULE #3290(e) AND
HAVING BEEN ADVISED OF MY RIGHTS PER THE MIRANDA DECISION, I AGREE WITH THE
FINDINGS BY THE <u>CERTIFIED PRESUMPTIVE DRUG SCREENING TEST.</u>   I HEREBY WAIVE
ALL TESTING BY THE INDEPENDENT LABORATORY IN THIS DISCIPLINARY MATTER AND
ADMIT GUILT.

_____     _____     _____
INMATE SIGNATURE            CDC NUMBER          HOUSING

DATE: _____ TIME: _____    WITNESSED BY: _____

This form must be returned to the Investigative Services Unit within 72 hours for appropriate disposition

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 9/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BURRELL | T-45372 |

## REASON(S) FOR PLACEMENT *(PART A)*

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☐ ENDANGERS INSTITUTION SECURITY ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

Inmate Burrell, T-45372, you were originally placed in Administrative Segregation (Ad-Seg), on 10-16-05 for Conspiracy to Introduce a Controlled Substance within the institution. On 10-20-05, the investigation was concluded. On 10-25-05, you are being retained in Ad-Seg pending completion of the disciplinary process. You are therefore deemed a threat to the safety and security of this institution, it's staff and inmates. As a result of this placement your Custody Level, Credit Earning, Privilege Group and Visiting Status are subject to change.

Inmate Burrell is a MHDS participant at the CCCMS level of care.

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | | TITLE |
|---|---|---|---|---|
| 10/25/05 | S. HARRELSON | | | LIEUTENANT |

| DATE/NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|
| | | | |

## ADMINISTRATIVE REVIEW *(PART B)*

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☐ YES ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES | ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

☐ NOT ASSIGNED                    ☐ NOT ASSIGNED

## INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| ☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY_____ ☐ RETAIN PENDING ICC REVIEW ☐ DOUBLE CELL ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 9/98)

DEPARTMENT OF CORRECTIONS

Salinas Valley State Prison          Facility 'B'

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Burrell | T-48672 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY          [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: You, Inmate Burrell, T-48672 are being placed in Administrative Segregation (Ad-Seg) for Conspiracy to Introduce a Controlled Substance within the institution. You will remain in Ad-Seg pending the completion of an investigation inititated by the Investigative Service Unit (ISU) and referred to ICC/CSR for appropriate housing needs. You are therefore deemed a threat to the safety and security of this institution, it's staff and inmates. As a result of this placement, your credit earning, custody and visiting status are subject to change. Inmate Burrell is a participant of the Mental Health Services Delivery System at the CCCMS level of care. Placement ordered by Lieutenant R. Martinez.

| CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) [ ] | IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 10/16/08 | R. Martinez | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 10/16/08 | 1900 | S. Transue | | C/O |

| INMATE REFUSED TO SIGN [ ] | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | Burrell | T-48672 |

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME Powell | TITLE CC 1 | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | | |
|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [X] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

| Any "NO" requires SA assignment | | Any "NO" may require IE assignment |
|---|---|---|
| [ ] NOT ASSIGNED | [X] NOT ASSIGNED | |

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER          [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE          INMATE SIGNATURE  refused to sign          DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [X] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: Endangers inst. security.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| Mejica | Cpt. (A) | 10/17/05 | 1800 | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 9/98)

DEPARTMENT OF CORRECTIONS

Salinas Valley State Prison          Facility 'E'

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Burrell | T-48872 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY          [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: You, Inmate Burrell, T-48872 are being placed in Administrative Segregation (Ad-Seg) for Conspiracy to Introduce a Controlled Substance within the institution. You will be in Ad-Seg pending the completion of an investigation initiated by the Investigative Service Unit (ISU) and referred to ICC/CSR for appropriate housing needs. You are therefore deemed a threat to the safety and security of this institution, it's staff and inmates. As a result of this placement, your credit earning, custody and visiting status are subject to change. Inmate Burrell is a participant of the Mental Health Services Delivery System at the CCMS level of care. Placement ordered by Lieutenant R. Martinez.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | | / / |
|---|---|---|---|---|
| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME R. Martinez | SIGNATURE | | TITLE Lieutenant |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)
**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

| Any "NO" requires SA assignment | | | Any "NO" may require IE assignment |
|---|---|---|---|
| [ ] NOT ASSIGNED | | [ ] NOT ASSIGNED | |

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER          [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY _____   [ ] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

# EXHIBIT B

.2ѻ

Administrative Bulletin

AB 92/15

AB 92/15 Use of Confidential Information In Disciplinary
Hearings.
        "The purpose of this Administrative Bulletin is to clarify
the use of confidential material in disciplinary hearings
pursuant to the California Code of Regulations, Title 15,
Division 3, Section 3321(b)(1) which reads:
        No decision shall be based on information from confidential
source unless other documentation corroborates information from
the source, or unless the circumstances surrounding the event
and the documented reliability of the source satisfies the
decision makers that the information is true.
        Decisions in disciplinary hearing based upon confidential
information shall be supported in a confidential memorandum,
incident report or finding portion of the CDC Form 115 with
investigative information and appropriate documentation....These
documents shall contain: (emphasis added).
*       A statement in support of CCR Section 3321(C)(1) detailing
the past information provided and why the confidential informant
is considered reliable for the current incident.
*       Whether the current information is first-hand or hearsay.
*       Whether documentation or other circumstances surrounding
the event would lead the decision maker to believe the
information is true.
*       In the case of multiple confidential sources, the degree
of reliability of each source shall include how each statement
compares with the other statements and the circumstances or
evidence on which the conclusion of reliability was based.
The description of the circumstances shall state how it was
possible that the events occurred as described by the
confidential sources, and include any facts or evidence (who,
what, when and how) which confirms the truthfulness of "Some
aspects of the source's information. Superintendent v. Hill
(1985) 472 U.S. 445)." emphasis added)

# EXHIBIT C

California Department of Corrections and Rehabilitation                                     Salinas Valley State Prison

# *M E M O R A N D U M*     -



Date:     September 21, 2006

To:     R. Parin
        Watch Commander

Subject:  **REISSUE/REHEAR RULES VIOLATION REPORT (RVR) LOG # S05-10-0013
          CONSPIRACY TO INTRODUCE A CONTROLLED SUBSTANCE**

Per CCR 3312(b)(1) the Chief Disciplinary Officer (CDO) may order a different disciplinary action, order
a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of
these disciplinary actions.  As the Chief Disciplinary Officer I am ordering the following:



Please ensure a different hearing Lieutenant is assigned to ensure that due process requirements are
adhered to during the rehearing process.

If you have any questions you may contact me at extension 5535.·

D. TRAVERS
Correctional Administrator - Central Services
Salinas Valley State Prison

Original to be filed w/115
cc:       C-file
          Inmate
          Register of Institution Violations ·

*b*

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation

CDCR-695

INMATE: _Burrell_ CDC #: _T-48872_ CDC HOUSING: _D7-23 1_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[X] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[X] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS
Comments:   You may write on back of this form to clarify or respond to the above.

_RVRs must be appealed separately from other issues._

_Final copy issued to 1/m = 7/3/06_

_date of appeal = 12/13/06_

**Eloy Medina, CC-II**    Date: _1/23/07_
**Appeals Coordinator**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

### PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

1

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.                    Category

1. _____          1. _____          /
2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.                                         *RVR*                        *multiple RVRs*

NAME MR. Angee Burrell          NUMBER T-48872          ASSIGNMENT D-7; Building Porter          UNIT/ROOM NUMBER D-7-231

A. Describe Problem: ON OCTOBER 16, 2005 I MR. BURRELL WAS put into AD-Seg (Hole)
DuE To Information Provided By Alledge Confidential Information By several
RApist; murder's, See Exhibit (B) Due To Promise's, made By c/o Henley —
SVSP, et.al., I MR. Burrell was Placed in Ad-seg From October 16, 2005 Thru
March 2, 2006, given Rules Violation CDC 115 Disciplinary, Punished I suffered lost —
of 1st, 5th, 6th, 14th; Amendment Right's To The United States Constitution
See Exhibit (A) Attached On About July 5, 2006, I MR. Burrell Filed Inmate Grievence
Due To This Outrageous Conduct By c/o Henely (SVSP) Et.al. Due Process Violations
If you need more space, attach one additional sheet. SEE EXHIBIT (A) ATTACHED —➔  "(continued)"   SEE ATTACHED PAGE (2)

B. Action Requested: (1) All Re-Issued, Re-Heard CDC 115 Rule Violations, Dec. 5, 2006
Re-Punished; Canceled I Privilage's Returned Immediatley/
(2) All Documents Concerning Oct. 16, 2005; CDC 115 Rules Violation —
(A) 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; (B) 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(R); Removed From my MR. Burrell CDC Central File

Inmate/Parolee Signature: MR. Angee Burrell        REC'D DEC 20 2006        Date Submitted: DECEMBER 13, 2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____                              DELIVERED FEB 07 2007
                                                             REC'D JAN 22 2007
_____

_____

_____

_____

Staff Signature: _____                  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____                        Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

(1)
1758 P.C.

(Con't, P.(1.) DESCRIBE PROBLEM: "602"

1   I MR. BURRELL ALLEDGE THAT SOON THERE AFTER FILING 9 REVIENCE / I MR.
2   BURRELL WAS RATALITATED. AGAINST BY C/o HENLEY, APPELS COOR. ELOY MEDINA : D
3   TAVERS, (SVSP) ET. AL.. WENT INTO FUTHER, CONSIPARCY TO VIOHATE (MY)
4   MR. BURRELL, UNITED STATES CONSTITUTIONAL RIGHTS, 1st, 5th. 6th. 14
5   AMENDMENTS / FUTHER, CONSIPARCY TO OBSTRUCT JUSTICE / BY DELAYING
6   DENING, INFORMATION, DELAYING TO RETURN, ADDRESS (602) INMATE
7   GREIVENCE FILED BY MR. BURRELL, SEE EXHIBIT (A) ' RETATATION
8   REPRISAL, EXHIBIT (B) AND (D) "REISSUED" ANOTHER CDC 115.
9   DISCIPLIARY RULES VIOLATION, AFTER BECOMING AWARE THAT THE
10  CONFINDTAL INFORMATION / FROM THIER / RAPIST, MURDER'S, ET. AL.. ALSO (C)
11  WAS NOE ASSESS RELIABILITY; ALSO, SEE EXHIBIT (B) ATTACHED / A-ISO (C)
12  VIOHATIED) MR. BURRELL RIGHTS UNDER CCR TITLE 15; 3321 (2) AND (3)
13  FUTHER, MORE AFTER C/o HENLEY; ELOY MEDIA (SVSP) "OBSTRUCTED) JUSTICE"/
14  DELAYED INMATE BURRELL 1st AMENDMENT RIGHTS ACCESS TO THE COURT'S
15  JUSTICE / THEY WENT FUTHER INTO CONSIPARCY TO VIOHATE, PUNISH (ME,
16  MR. BURRELL (RIGHT'S) BY RE-ISSUEING; RE-HEARING; RE-PUNISHING;
17  (ME) MR. BURRELL BY (TRYING) / TO (COVER-UP) THIER DUE PROCESS
18  EQUAL PROTECTION OF THE LAWS, THEY VIOHATED !/ BY FILING ANOTHER
19  CDC 115, RULE'S VIOHATION DISCIPLIARY REPORT / PUNISHING ME "WORSER")
20  IN "RETAIATION · REPRISA / / SEE EXHIBIT (D) ATTACHED : ——
21  DUE TO THIS OUTRAGEOUS CONDUCT. VIOHATION OF (MY) MR. BURRELL
22  1st, 5th; 6th. 14th. AMENDMET RIGHT'S OF THE UNITED STATES ——
23  CONSTITUTION ' BY / C/o HENLEY; APPEALS COOR, ELOY MEDINA (SVSP) ET. AL.
24  I MR. BURRELL HAS SUFFERED) LIFE; LIBERTY; PROPERTY; FAMILY; JUSTICE
25  FREEDOM; DUE TO BEING "PLACED" IN AD-SEG, (HOLE) "DENIED" LEGAL=
26  DOCUMENT'S TO ADDRESS THE COURT'S, WITHNESS(ES) TO PREPARE
27  PRESENT CASE IN ALLEDGE CRIMINAL CONVICTION; DENIED" ACCESS-
28  TO CONTACT LAWYER'S / ET. AL..

RESPECTFULLY SUBMITTED
BY Angee Burrell

——BR 13 2006        (2.)ₒₒ        EXHIB'S A, B, C, D, ATTACHED).

804 Sent To Records On _____ By _____

STATE OF CALIFORNIA
# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-48872 | BURRELL | | MEPD 9/20/2022 | SVSP | D7-231L | S06-09-002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3016(a) | CONSPIRACY TO INTRODUCE A CONTROLLED SUBSTANCE | Central Vis. Process | 09/21/06 | 1030 HRS. |

CIRCUMSTANCES

This RVR Log #S05-10-0013 is being ordered Re-Issued / Re-Heard per memorandum authored by D. Travers, Chief Disciplinary Officer, dated 09/21/06.

On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP, this investigation was concluded on October 20, 2005. On October 16, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that an approved visitor of Inmate Burrell T-48872, B5-216, had arrived at the Central Visiting Processing Center and had signed a CDC 1000, Visitors Pass. (Burrell's visitor will be referred to as Visitor #1 within this report) ISU then responded to the Central Visiting Processing Center, where I made the initial contact with Visitor #1. Due to numerous visitors in the visitors processing room, I asked Visitor #1 to step out of the visiting area, where I could talk with her privately. Upon exiting the visiting processing area I informed Visitor #1 that I was conducting an investigation and that I needed to speak with her. Visitor #1 was then escorted to the SVSP

**Continued On Part C**

Inmate BURRELL **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ S. Henley, Correctional Officer | | | | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ | | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A-2 | | ▶ | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☒ CDC 116 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | |
| S06-09-0027R | ▶ | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| NP-CEN-05-10-0567 | ▶ | | | | ▶ | | |

HEARING

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |

| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|---|
| ▶ | | | ▶ | |

| | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ▶ | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S06-09-0027R | SVSP | 09/21/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

Administration Building, In Service Training (IST) class room. Visitor #1 was then advised that she was suspected of bringing a controlled substance into SVSP. Visitor #1 was informed that this unit had obtained a search warrant and that the search warrant included her person, her personal belongings and any vehicle she arrived in. Visitor #1 then asked to relinquish her vehicle key, at which time she did. Visitor #1 also indicated that she had provided a second visitor with a ride and identified her as Visitor #2 an approved visitor of Inmate Henderson, D-58455, B5-132. Sergeant Knuckles was informed and she requested that visiting staff have Visitor #2 report back to the visiting processing center. Officer's A. Diaz and M. Valdez conducted the vehicle search. During the interview I informed Visitor #1 that I would like to utilize a Narcotic Canine during the search of her vehicle at which time she stated thats "OK." During the canine search of Visitor #1's vehicle, the narcotic canine alerted to the following area's: Front passenger seat. Front Console (Ashtray area) and the second row seat, near the sliding door. During the hand search of the vehicle Officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E. Baggies, tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison.

I was informed by Sergeant A. Carriaga that during the search of the rest room in the Facility "B" visiting a balloon was found that contained suspected controlled substance.

During the investigation it was discovered that Visitor #2 had arrived at SVSP with Visitor #1 and prior to our arrival to the visiting processing center Visitor #2 was allowed to enter the institution. Visitor #2 arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stall that contained suspected narcotics.

At approximately 1300 hours, ISU interviewed Visitor #2 regarding the balloon that was found in the rest room of the Facility "B" Visiting. Visitor #2 stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Visitor #1 to an outside hospital where four balloons were recovered from Visitor #1. The balloons were placed into evidence bags and kept in my possession. I then returned to SVSP and placed the following items into evidence:

Four balloons of suspected Marijuana. These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker #51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005). The photographs consisted of the following: Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon completion of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana.

Upon completion of the presumptive test, I placed the suspected Marijuana and the wrapping (I.E. Balloons, tape and plastic) in individual zip lock baggies and placed them in Evidence bags securing them into ISU Evidence Locker 51.

S. Henley, Correctional Officer

| SIGNATURE OF WRITER: | | DATE SIGNED |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
| | | 9/21/06 | 1150 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-48872 | BURRELL | CCR §3016(a) | 09/21/06 | SVSP | S06-09-0027R |

| REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT | [X] YES | [ ] NO |
|---|---|---|

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [ ] **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| 5/11/06 | i.A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I REVOKE** my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] REQUESTED  [ ] WAIVED BY INMATE | ▶ | |

| [X] ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| [ ] NOT ASSIGNED | REASON | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] REQUESTED  [ ] WAIVED BY INMATE | ▶ | 7/3/ |

| [ ] ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| [ ] NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

| [ ] REPORTING EMPLOYEE | [ ] STAFF ASSISTANT | [ ] INVESTIGATIVE EMPLOYEE | [ ] OTHER _____ | [ ] NONE |
|---|---|---|---|---|

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| [X] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE 9/31/06 |
|---|---|---|---|

CDC 115-A (7/88)    — *If additional space is required use supplemental pages* —    OSP 03 74845

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
D7 236
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S06-09-0027R | SVSP | 09/21/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☒ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER _____

Administration Building, In Service Training (IST) class room. Visitor #1 was then advised that she was suspected of bringing a controlled substance into SVSP. Visitor #1 was informed that this unit had obtained a search warrant and that the search warrant included her person, her personal belongings and any vehicle she arrived in. Visitor #1 then asked to relinquish her vehicle key, at which time she did. Visitor #1 also indicated that she had provided a second visitor with a ride and identified her as Visitor #2 an approved visitor of Inmate Henderson, D-58455, B5-132. Sergeant Knuckles was informed and she requested that visiting staff have Visitor #2 report back to the visiting processing center. Officer's A. Diaz and M. Valdez conducted the vehicle search. During the interview I informed Visitor #1 that I would like to utilize a Narcotic Canine during the search of her vehicle at which time she stated thats "OK." During the canine search of Visitor #1's vehicle, the narcotic canine alerted to the following area's: Front passenger seat. Front Console (Ashtray area) and the second row seat, near the sliding door. During the hand search of the vehicle Officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E. Baggies, tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison.

I was informed by Sergeant A. Carriaga that during the search of the rest room in the Facility "B" visiting a balloon was found that contained suspected controlled substance.

During the investigation it was discovered that Visitor #2 had arrived at SVSP with Visitor #1 and prior to our arrival to the visiting processing center Visitor #2 was allowed to enter the institution. Visitor #2 arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stall that contained suspected narcotics.

At approximately 1300 hours, ISU interviewed Visitor #2 regarding the balloon that was found in the rest room of the Facility "B" Visiting. Visitor #2 stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Visitor #1 to an outside hospital where four balloons were recovered from Visitor #1. The balloons were placed into evidence bags and kept in my possession. I then returned to SVSP and placed the following items into evidence:

Four balloons of suspected Marijuana. These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker #51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005). The photographs consisted of the following: Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon completion of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana.

Upon completion of the presumptive test, I placed the suspected Marijuana and the wrapping (I.E. Balloons, tape and plastic) in individual zip lock baggies and placed them in Evidence bags securing them into ISU Evidence Locker 51.

FINAL COPY C/o J. RUELAS
12/5/06  1430

S. Henley, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 9.25.06 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| C/O CRUZES | 9/29/06 | 1150 |

CDC 115-C (5/95)

OSP 99 25082

804 Sent To Records On 1/30/06 By _____

D7 231 L

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-48872 | BURRELL | | MEPD 9/20/2022 | SVSP | D7-231L | S06-09-002? |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | LOCATION | DATE | | TIME |
| CCR §3016(a) | | CONSPIRACY TO INTRODUCE A CONTROLLED SUBSTANCE | Central Vis. Process | 09/21/06 | | 1030 HRS. |

**CIRCUMSTANCES**

This RVR Log #S05-10-0013 is being ordered Re-Issued / Re-Heard per memorandum authored by D. Travers, Chief Disciplinary Officer, dated 09/21/06.

On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP, this investigation was concluded on October 20, 2005. On October 16, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that an approved visitor of Inmate Burrell T-48872, B5-216, had arrived at the Central Visition Processing Center and had signed a CDC 1000, Visitors Pass. (Burrell's visitor will be referred to as Visitor #1 within this report) ISU then responded to the Central Visiting Processing Center, where I made the initial contact with Visitor #1. Due to numerous visitors in the visitors processing room, I asked Visitor #1 to step out of the visiting area, where I could talk with her privately. Upon exiting the visiting processing acces I informed Visitor #1 that I was conducting an investigation and that I needed to speak with her. Visitor #1 was then escorted to the SVSP

**Continued On Part C**

Inmate BURRELL is a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|
| ▶ S. Henley, Correctional Officer | | 9.25.06 | | | S/S/H |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | | |
| ▶ | 9/25/6 | DATE _____ LOC. _____ | | | |
| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | |
| ☐ ADMINISTRATIVE | A-2 | 9/28/06 | ▶ R.L. MARTINEZ | ☐ HO  ☐ SHO  ☐ SC  ☐ FC | |
| ☒ SERIOUS | | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| S06-09-0027R | ▶ C/O CRames | 1/29/06 | 1150 | ① DA letter ④ Reissue & Rehear letter ② 1030 ③ E ③ E. DOJ & 1030 ⑤ SA |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF SIGNATURE) |
| SVP-CEN-05-10-0667 | ▶ C/O CRames | 1/29/06 | 1150 | ① DA ② C/O CRames ① 1150 ② C/O CRames ④ C/o Gum L ③ 1/24/04 ② 1150 |
| HEARING | | | | ④ 1/29/06 ④ 0034 ⑤ DiMondo 1455 1/20/06 |

**Plea:** NOT GUILTY.

**Findings:** Inmate BURRELL was found **GUILTY** of CCR §3016(a), specifically "Conspiracy To Introduce A Controlled Substance" a Division "A-2" offense. This finding is based on the preponderance of evidence presented at the hearing which **does** substantiate the charge. The evidence presented at the hearing included: **SEE CDC-115-C.**

**Disposition:** Inmate BURRELL assessed **180** days forfeiture of credits in accordance with a Division "A-2" offense per CCR §3323(c)(8).

**Additional Disposition:** Inmate BURRELL was counseled, warned and reprimanded regarding future behavioral expectations.

**Classification Referral:** Refer to ICC for program evaluation.

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| R.E. Barbee Jr., Correctional Lieutenant | | ▶ | | 10/19/06 | 1855 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ B.F. Rankin, Captain | 11/3/06 | ▶ G. Lewis, C.D.O. | | 11/27/06 | |
| | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | ▶ G. Sul | | 12/5/06 | 1430 |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

D7

PAGE _2_ OF _4_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S06-09-0027R | S.V.S.P. | 10/29/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER _____

**Hearing:** 10/29/06.   **Time:** 1855 hours.   **Any Postponement Explained:** None.

**Inmate's Health:** Inmate BURRELL stated his health was fine.  **MHSDS:** Inmate BURRELL **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate BURRELL exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate BURRELL did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

Date of Discovery: 10/20/05.   **Re-Issue / Re-Hear Date:** 09/21/06.   Initial RVR copy issued on: 09/29/06.
Hearing started on: 10/29/06.   Last document issued to inmate on: 10/20/06.
D.A. postponed date: None.   D.A. results issued date: 05/11/06.   Time Constraints: Met.

**Staff Assistant:** On 10/18/06, Correctional Officer L. Garcia was assigned as Staff Assistant and was present at the hearing and confirmed he interviewed Inmate BURRELL 24 hours prior to the hearing. Officer Garcia also confirmed he explained the hearing procedures, disciplinary charge and supporting evidence to Inmate BURRELL.

**Investigative Employee:** On 10/06/06, Correctional Officer C. Reyes was assigned as the Investigative Employee.

**D.A. Referral:** This matter was referred to the District Attorney's office for possible felony prosecution during the original adjudication of this Rules Violation Report. On 05/11/06, notice was received from the District Attorney indicating the case had been declined.

**Evidence Requested:** None.   **External/Outside Evidence:** None.   **Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** Inmate BURRELL entered a plea of **NOT GUILTY** and stated, "I understand the charges, but the time has past. This should have been issued sooner if it was to go on."

**Witnesses Requested:** None.   **Witness Testimony at Hearing:** None.   _34_

**Confidential Information:**

1) The defendant was informed that the confidential information would be used as evidence in the hearing.

2) The defendant acknowledged receipt of the three CDC 1030's related to the confidential information. Review of the CDC 1030's was conducted and determined that sufficient information was provided and to provide additional information would identify the identity of the sources.

**Source #1** states Inmate BURRELL and his wife (Carla Reed) had/have conspired to introduce a Controlled Substance into Salinas Valley State Prison through a visit.

**(Continued On Part C)**

R.E. Barbee Jr., Correctional Lieutenant

_FINAL COPY c/o J. RUELAS 12/5/06 1430_

| SIGNATURE OF WRITER | | DATE SIGNED 11/20/06 |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)                    OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

D7 DEPARTMENT OF CORRECTIONS

PAGE __4__ OF __4__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S06-09-0027R | S.V.S.P. | 10/29/06 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

(Findings Continued)

Four balloons of suspected Marijuana. These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker #51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005). The photographs consisted of the following: Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon completion of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana."

B: The Confidential Memorandums of 09/30/05 and 10/18/05, authored by ISU Officer S. Henley and attested to by the three CDC-1030 Forms show that Inmate BURRELL did conspire with his wife to introduce controlled substances into the institution.

The information provided by Sources #1, #2, and #3 are considered reliable pursuant to CCR §3321(c)(1) in that the confidential sources have previously provided information which proved to be true.

**Conclusion:** Inmate BURRELL is found guilty of Conspiring To Introduce A Controlled Substance, a Division "A-2" Offense. Since Inmate BURRELL never came into contact with the drugs that were found to be associated with his visitor, Inmate BURRELL is guilty of conspiring and not carrying through to the completed act to introduce those drugs.

**Additional Disposition:** Inmate BURRELL assessed **1 year** loss of visiting beginning on 10/29/06, to be followed by loss of non-contact visiting for **2 years**. Credit for Loss of Visiting, which commenced 06/04/06 to 09/02/06, of 90 days.

This appears to be the first offense for Inmate BURRELL for a controlled substance charge. Per CCR §3315(f)(4)(A), Inmate BURRELL will be put on Mandatory Random Drug Testing for **1 year** and will be required to submit **one** random urinalysis test once per month beginning 10/29/06 and ending 10/29/07.

Inmate BURRELL assessed **30 days** loss of privileges to include the following: No Yard, No Canteen, No telephone, No dayroom, no family visiting, no dayroom, no quarterly packages, and no special purchases.

Inmate BURRELL is required to attend Narcotics Anonymous pursuant to CCR §3315(f)(5)(K)1.

**Enemy Concerns:** None.

**Appeal Rights:** Inmate BURRELL was advised of his appeal rights per CCR §3084.1(a). Inmate BURRELL was also informed of the CCR Restoration Amendment per A/B 96/4, in that effective April 1, 1996, any RVR resulting in credit loss greater than 90 days (Division A1, A2, B, or C offenses) will not be restored. Inmate BURRELL was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

R.E. Barbee Jr., Correctional Lieutenant

FINAL COPY C/O J. ROELAS
12/5/06  1430

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
|  | 11/20/06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S06-09-0027R | S.V.S.P. | 10/12/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

### (Reporting Employee's Statement Continued)

The following questions were provided by Inmate Burrell to be asked of Officer Henley:

Q: C/O Henley, you have a receipt from Mrs. Reed's purse and two letters. Can you state if the letters were threatening towards her?
A: I don't recall.

Q: Also the receipts that were taken, can you return them back to Mrs. Reed?
A: If Mrs. Reed wants her receipts back she can contact me.

Q: Confidential sources, now reliable are the 1030's?
A: Very reliable.

No further questions were provided for Officer Henley.

**INVESTIGATIVE EMPLOYEE'S STATEMENT:**  On 10/06/06, I was assigned as the Investigative Employee for CDC-115 Log #S06-09-0027R regarding Inmate Burrell, T-48872. Inmate Burrell had questions for Officer Henley and had no statement. Inmate Burrell had requested Mrs. Carla Reed as a witness via telephone. At the time of the hearing SHO can determine if Mrs. Reed can be contacted. Inmate Burrell requested a copy of the D.O.J. Report; he will be issued a copy of the D.O.J. Report prior to his 115 hearing.

Reporting Employee requested at the hearing:  **No.**
Investigative Employee requested at the hearing:  **No.**
Staff / Inmate witnesses requested at the hearing:  **No.**
Additional information in Confidential Reports:  **No.**

C. Reyes, Correctional Officer

FINAL COPY C/O J. ROELAS
12/5/06  1430

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | C/O C. Reyes | | 10/13/06 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE **3** OF **4**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-48872 | BURRELL | S06-09-0027R | S.V.S.P. | 10/29/06 |

| | SUPPLEMENTAL | [X] CONTINUATION OF: | 115 CIRCUMSTANCES | [X] HEARING | IE REPORT | OTHER |
|---|---|---|---|---|---|---|

**(Confidential Information Continued)**

**Source #2** states Inmate BURRELL has been conspiring with his spouse to introduce a Controlled Substance into SVSP.

**Source #3** states Inmate Henderson, D-58455, (Inmate Burrell's ex-cellmate) and Inmate BURRELL are bringing large quantities of Narcotics into Salinas Valley State Prison through their scheduled visits.

**Findings:** Inmate BURRELL is found **GUILTY** of "Conspiracy To Introduce A Controlled Substance." This finding is based upon the following preponderance of evidence:

**A:** RVR Log #S06-09-0027R authored by Correctional Officer S. Henley, which states in part, "On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP, this investigation was concluded on October 20, 2005. On October 16, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that an approved visitor of Inmate Burrell T-48872, B5-216, had arrived at the Central Visiting Processing Center and had signed a CDC 1000, Visitors Pass. (Burrell's visitor will be referred to as Visitor #1 within this report) ISU then responded to the Central Visiting Processing Center, where I made the initial contact with Visitor #1." and    "Upon exiting the visiting processing area I informed Visitor #1 that I was conducting an investigation and that I needed to speak with her. Visitor #1 was then escorted to the SVSP Administration Building, In Service Training (IST) class room. Visitor #1 was then advised that she was suspected of bringing a controlled substance into SVSP. Visitor #1 was informed that this unit had obtained a search warrant and that the search warrant included her person, her personal belongings and any vehicle she arrived in. Visitor #1 then asked to relinquish her vehicle key, at which time she did." also "During the interview I informed Visitor #1 that I would like to utilize a Narcotic Canine during the search of her vehicle at which time she stated thats "OK." During the canine search of Visitor #1's vehicle, the narcotic canine alerted to the following area's: Front passenger seat, Front Console (Ashtray area) and the second row seat, near the sliding door. During the hand search of the vehicle Officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E. Baggies, tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison." and further states "During the investigation it was discovered that Visitor #2 had arrived at SVSP with Visitor #1 and prior to our arrival to the visiting processing center Visitor #2 was allowed to enter the institution. Visitor #2 arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stall that contained suspected narcotics.

At approximately 1300 hours, ISU interviewed Visitor #2 regarding the balloon that was found in the rest room of the Facility "B" Visiting. Visitor #2 stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Visitor #1 to an outside hospital where four balloons were recovered from Visitor #1. The balloons were placed into evidence bags and kept in my possession. I then returned to SVSP and placed the following items into evidence:

**(Continued On Part C)**

R.E. Barbee Jr., Correctional Lieutenant

FINAL COPY C/O J. RUELAS
12/5/06  1430

| SIGNATURE OF WRITER | | DATE SIGNED 11/8/06 |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| COPY OF CDC 115-C GIVEN TO INMATE | | |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                                   DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-48872 | BURRELL | CCR §3016(a) | 09/21/06 | SVSP | S06-09-0027R |

| REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT | [X] YES | [ ] NO |
|---|---|---|

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ INMATE'S SIGNATURE | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | | |
|---|---|---|---|---|
| 5/11/06 | DA | Decline | INMATE'S SIGNATURE | DATE |
| I REVOKE my request for postponement. | | | INMATE'S SIGNATURE | DATE |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [ ] WAIVED BY INMATE | ▶ | 10/12/06 |
| [X] ASSIGNED | DATE 10-18-06   NAME OF STAFF   L. Vargas | | |
| [ ] NOT ASSIGNED | REASON | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [X] REQUESTED | [ ] WAIVED BY INMATE | X Inmate Burrell | X 7/12/06 |
| [X] ASSIGNED | DATE 10/06/06   NAME OF STAFF  C. Reyes, Correctional Officer | | |
| [ ] NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

| [ ] REPORTING EMPLOYEE | [ ] STAFF ASSISTANT | [ ] INVESTIGATIVE EMPLOYEE | [ ] OTHER _____ | [ ] NONE |
|---|---|---|---|---|

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 10/06/06, I was assigned as Investigative Employee for CDC-115 Log #S06-09-0027R. I informed Inmate BURRELL of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate BURRELL stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 10/06/06, I interviewed Inmate BURRELL and he did not make a statement, but had questions to be asked of the Reporting Employee.

**REPORTING EMPLOYEE'S STATEMENT:** On 10/12/06, I interviewed Correctional Officer S. Henley and she made the following statement: "On October 16, 2005, the Investigative Services Unit served a search warrant on Carla Reed, an approved visitor of Inmate Burrell. During the services of this warrant 77.77 grams of Marijuana were recovered from Mrs. Reed. Mrs. Reed arrived at SVSP with the intention of visiting Inmate Burrell."

(Continued on Part C)

C. Reyes, Correctional Officer

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ C. O. Reyes | 10/18/06 |

| COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C. O. Reyes | TIME 1150 | DATE 9/29/06 |
|---|---|---|---|

CDC 115-A (7/88)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-48872 | BURRELL | CCR §3016(a) | 09/21/06 | SVSP | S06-09-0027R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    [X] YES    [ ] NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I **DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| I **REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ INMATE'S SIGNATURE | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | | |
|---|---|---|---|---|
| 5/11/06 | DA | Decline | | |
| I **REVOKE** my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] REQUESTED    [ ] WAIVED BY INMATE | ▶ | |
| [X] ASSIGNED | DATE | NAME OF STAFF |
| [ ] NOT ASSIGNED | REASON | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] REQUESTED    [ ] WAIVED BY INMATE | ✗ Charge Burrell | ✗ 7/3/06 |
| [X] ASSIGNED | DATE 10/06/06 | NAME OF STAFF C. Reyes, Correctional Officer |
| [ ] NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE    [ ] STAFF ASSISTANT    [ ] INVESTIGATIVE EMPLOYEE    [ ] OTHER _____    [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 10/06/06, I was assigned as Investigative Employee for CDC-115 Log #S06-09-0027R. I informed Inmate BURRELL of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate BURRELL stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 10/06/06, I interviewed Inmate BURRELL and he did not make a statement, but had questions to be asked of the Reporting Employee.

**REPORTING EMPLOYEE'S STATEMENT:** On 10/12/06, I interviewed Correctional Officer S. Henley and she made the following statement: "On October 16, 2005, the Investigative Services Unit served a search warrant on Carla Reed, an approved visitor of Inmate Burrell. During the services of this warrant 77.77 grams of Marijuana were recovered from Mrs. Reed. Mrs. Reed arrived at SVSP with the intention of visiting Inmate Burrell."

(Continued on Part C)

C. Reyes, Correctional Officer

| | INVESTIGATOR'S SIGNATURE ▶ | DATE 10/19/06 |
|---|---|---|
| [X] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O C. Reyes | TIME 1140 | DATE 9/27/06 |

CDC 115-A (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-43872 | BURRELL | S06-09-0027R | S.V.S.P. | 10/12/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

### (Reporting Employee's Statement Continued)

The following questions were provided by Inmate Burrell to be asked of Officer Henley:

Q: C/O Henley, you have a receipt from Mrs. Reed's purse and two letters. Can you state if the letters were threatening towards her?
A: I don't recall.

Q: Also the receipts that were taken, can you return them back to Mrs. Reed?
A: If Mrs. Reed wants her receipts back she can contact me.

Q: Confidential sources, how reliable are the 1030's?
A: Very reliable.

No further questions were provided for Officer Henley.

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** On 10/06/06, I was assigned as the Investigative Employee for CDC-115 Log #S06-09-0027R regarding Inmate Burrell, T-48872. Inmate Burrell had questions for Officer Henley and had no statement. Inmate Burrell had requested Mrs. Carla Reed as a witness via telephone. At the time of the hearing SHO can determine if Mrs. Reed can be contacted. Inmate Burrell requested a copy of the D.O.J. Report; he will be issued a copy of the D.O.J. Report prior to his 115 hearing.

Reporting Employee requested at the hearing:   No.
Investigative Employee requested at the hearing:  No.
Staff / Inmate witnesses requested at the hearing:  No.
Additional Information in Confidential Reports:  No.

C. Reyes, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. Reyes | | 10/12/06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

OSP 99 25082

ie:ag

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-48872 | BURRELL | CCR §3016(a) | 09/21/06 | SVSP | S06-09-0027R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT [X] YES [ ] NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | | |
|---|---|---|---|---|
| 5/11/06 | DA | Declined | | |
| [ ] I REVOKE my request for postponement. | | INMATE'S SIGNATURE ▶ | | DATE |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] REQUESTED [ ] WAIVED BY INMATE | ▶ Inmate Burrell | 10/18/06 |
| [X] ASSIGNED DATE 10-18-06 NAME OF STAFF L. Virga | | |
| [ ] NOT ASSIGNED REASON | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] REQUESTED [ ] WAIVED BY INMATE | [X] Inmate Burrell | X 7/29/06 |
| [x] ASSIGNED DATE 10/06/06 NAME OF STAFF C. Reyes, Correctional Officer | | |
| [ ] NOT ASSIGNED REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE [ ] STAFF ASSISTANT [ ] INVESTIGATIVE EMPLOYEE [ ] OTHER _____ [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 10/06/06, I was assigned as Investigative Employee for CDC-115 Log #S06-09-0027R. I informed Inmate BURRELL of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate BURRELL stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 10/06/06, I interviewed Inmate BURRELL and he did not make a statement, but had questions to be asked of the Reporting Employee.

**REPORTING EMPLOYEE'S STATEMENT:** On 10/12/06, I interviewed Correctional Officer S. Henley and she made the following statement: "On October 16, 2005, the Investigative Services Unit served a search warrant on Carla Reed, an approved visitor of Inmate Burrell. During the services of this warrant 77.77 grams of Marijuana were recovered from Mrs. Reed. Mrs. Reed arrived at SVSP with the intention of visiting Inmate Burrell."

(Continued on Part C)

| | C. Reyes, Correctional Officer |
|---|---|
| Final Copy C/o J. Reyes | INVESTIGATOR'S SIGNATURE ▶ C. Reyes | DATE 10/19/06 |

## STAFF ASSISTANT ASSIGNMENT

STAFF NAME _C/o J. Garcia_

DATE ASSIGNED _5/26/06_                DATE DUE _asap_

RVR LOG · _S05-10-0013_

I/M NAME & CDC # _Burrell   T. 48872_

Instructions: Meet with inmate. Check off each item completed as applicable. Return this form to the disciplinary officer or Facility Lieutenant for issuance. Be aware that the disciplinary hearing **CAN NOT** be held until this document has been completed and returned for issuance to the inmate. The same staff assistant **must** be present at the disciplinary hearing.

## CCR 3381(b) : The assigned staff assistant shall:

✓ (A)  Inform the inmate of their rights and of the disciplinary hearing procedures

✓ (B)  Advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached.

✓ (C)  Refrain from giving legal counsel or specifying the position the inmate should take in any disciplinary, classification or criminal proceeding.

## (2) The inmate shall be informed that:

✓ (A)  Upon the inmate's request, the staff assistant shall keep confidential any information the inmate may disclose concerning the charges for which the staff assistant was assigned.

✓ (B)  All evidence and information obtained and considered or developed in the disciplinary process may be used in court if the same charges have been or are to referred for prosecution.

(3)  If the staff assistant becomes aware that the inmate is contemplating future criminal conduct, the staff assistant shall disclose this information if necessary to protect potential victims and prevent the contemplated crime.

Completed on Date: _5/26/06_
Staff Assistant Printed Name: _J Garcia_
Staff Assistant Signature: _[signature]_

Copy given to inmate on (Date): _5/26/06_
Staff member name issuing copy: _C/o CRuyes_
Staff member signature: _C/o CRuyes_

## STAFF ASSISTANT ASSIGNMENT

STAFF NAME _Garcia, I_

DATE ASSIGNED _10-19-06_            DATE DUE _A \DP_

RVR LOG _SOC - - - 0272_

I/M NAME & CDC # _Bruell   74x272_

Instructions: Meet with inmate. Check off each item completed as applicable. Return this form to the disciplinary officer or Facility Lieutenant for issuance. Be aware that the disciplinary hearing CAN NOT be held until this document has been completed and returned for issuance to the inmate. The same staff assistant must be present at the disciplinary hearing.

CCR 3381(b) : The assigned staff assistant shall:

____(A)   Inform the inmate of their rights and of the disciplinary hearing procedures

____(B)   Advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached.

____(C)   Refrain from giving legal counsel or specifying the position the inmate should take in any disciplinary, classification or criminal proceeding.

## (2) The inmate shall be informed that:

____(A)   Upon the inmate's request, the staff assistant shall keep confidential any information the inmate may disclose concerning the charges for which the staff assistant was assigned.

____(B)   All evidence and information obtained and considered or developed in the disciplinary process may be used in court if the same charges have been or are to referred for prosecution.

(3)   **If the staff assistant becomes aware that the inmate is contemplating future criminal conduct, the staff assistant shall disclose this information if necessary to protect potential victims and prevent the contemplated crime.**

Completed on Date: _10-14-06_
Staff Assistant Printed Name: _Garcia, C_
Staff Assistant Signature: _____

Copy given to inmate on (Date): _10-19-06_
Staff member name issuing copy: _____
Staff member signature: _____

STATE OF CALIFORNIA                                                                                         DEPARTMENT OF CORRECTIONS

# DISCIPLINARY DRUG TESTING REQUIRMENTS

| INMATE NAME | INMATE CDC NUMBER |
|---|---|
| BURRELL | T-48872 |

The above noted inmate was found guilty of violating:

☒ **CCR §3016**(a) Conspiracy to introduce a controlled substance.

☐ **CCR §3016**(b) Possession of paraphernalia for controlled substances or controlled medication use.

☐ **CCR §3016**(c) Conspiracy to distribute controlled substances.

☐ **CCR §3016**(d) Possession or control of a controlled medication in institution.

☐ **CCR §3290**(d) Refusal to test for controlled substance.

The inmate was assessed a mandatory random drug testing period in accordance with CCR Section 3315(f)(4), Serious Rule Violation CDC-115, Log # _____**S06-09-0027R**_____ dated ____**10/29/06.**____

☒ First Offense. One year of mandatory random drug testing. *The inmate must provide a minimum of one random drug test per month.*

| | | | | |
|---|---|---|---|---|
| 1 year no Visiting from | **10/29/06** | to | **10/29/07.** | **Then** |
| 2 years Non-Contact Visiting from | **10/30/07** | to | **08/02/09. *** | |

\* 90 days credit due to loss of visiting commenced on 06/04/06
thru 09/02/06, in the original adjudication of RVR.

☐ Second Offense. One year of mandatory random drug testing. *The inmate must provide a minimum of two random drug tests per month.*

| | | | |
|---|---|---|---|
| 90 Days no Visiting from | _____ | to | _____ Then |
| 180 Days Non-Contact Visiting from | _____ | to | _____ |

☐ Third Offense. One year of mandatory random drug testing. *The inmate must provide a minimum of four random drug tests per month.*

| | | | |
|---|---|---|---|
| 180 Days no Visiting from | _____ | to | _____ Then |
| 180 Days Non-Contact Visiting from | _____ | to | _____ |

One year mandatory random drug testing effective date: **10/29/06** through: **10/29/07**

| NAME / TITLE / SIGNATURE SENIOR HEARING OFFICER | DATE |
|---|---|
| R.E. Barbee Jr., Correctional Lieutenant | 11/20/06 |

Distribution:    Central File    Program UA Log    Visiting Sergeant    Inmate

NAME and NUMBER       BURRELL       T-48872        D7-231L          CDC-128-B (Rev. 4/74)

Inmate BURRELL, T-48872, is required to submit to random drug testing **once a month** for a period of **one (1) year** in accordance with CCR 3315(f)(4)(A) for the <u>first offense</u>, and pursuant to a finding of guilt on a drug related offense, Rules Violation Report, Log #S06-09-0027R, and to California Code of Regulations, Title 15, Section 3290(c) subsection (3), and 3290(d). Random drug testing will take effect on <u>10/29/06</u> through <u>10/29/07</u>. Inmate BURRELL was advised of this documentation.

Orig: C-File
Cc:   CC-II
      Facility Captain
      ISU Lieutenant
      Facility Lieutenant
      Housing Unit File
      Inmate

R.E. Barbee Jr., Correctional Lieutenant
Senior Hearing Officer
Salinas Valley State Prison

DATE:   10/29/06          **(MANDATORY DRUG TESTING)**          **GENERAL CHRONO**

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
**NOTICE OF CLASSIFICATION HEARING**
CDC 128 - B1 (Rev 2/95)

| INMATE NAME | CDC NUMBER | TODAY'S DATE |
|---|---|---|
| BURRELL | T-48872 | 10/29/06 |

YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON _____ASAP_____ FOR CONSIDERATION OF A
MAJOR PROGRAM CHANGE AS FOLLOWS:

| ☐ TRANSFER | ☐ INCREASE IN CUSTODY | ☐ ASSIGNMENT TO SECURITY HOUSING |
|---|---|---|
| ☐ REMOVAL FROM PROGRAM | XX ☐ OTHER program evaluation. | |

REASON:   On 10/29/06, Inmate BURRELL, T-48872, appeared before Correctional Lieutenant R.E. Barbee Jr., Senior Hearing Officer, for a CDC-115 hearing concerning Rules Violation Report, Log #S06-09-00027R, charging him with the specific act of "Conspiracy To Introduce A Controlled Substance." Inmate BURRELL was found GUILTY and is referred to I.C.C. for: program evaluation.

| STAFF NAME | | |
|---|---|---|
| R.E. Barbee Jr., Correctional Lieutenant | Senior Hearing Officer | S.V.S.P. |

ROUTING INSTRUCTIONS: ORIGINAL - CLASSIFICATION COMMITTEE       COPY - INMATE

NAME and NUMBER        BURRELL        T-48872        D7-231L        CDC-128-B (Rev. 4/74)

On 10/29/06, Inmate BURRELL, T-48872, D7-231L, appeared before Correctional Lieutenant R.E. Barbee Jr., Senior Hearing Officer, for a CDC-115 hearing concerning Rules Violation Report Log #S06-09-0027R, charging him with the specific act of "**CONSPIRACY TO INTRODUCE A CONTROLLED SUBSTANCE**". Inmate BURRELL was found **GUILTY**. Therefore, pursuant to CCR §3315(f)(5)(I) the following loss of visiting privileges have been assessed:

Inmate BURRELL is being assessed *one year loss of visiting* beginning 10/29/06 and ending 10/29/07; to be followed by *two years of non-contact visiting* beginning 10/30/07 and ending *08/02/09.

\* 90 days credit due to loss of visiting commenced on 06/04/06 thru 09/02/06, in the original adjudication of RVR.

Orig: C-File                              R.E. Barbee Jr., Correctional Lieutenant
Cc:   CC-II                               Senior Hearing Officer
      Facility Captain                    Salinas Valley State Prison
      Visiting Sergeant
      Inmate

**DATE:**   10/29/06          **(Loss Of Visiting Privileges)**          **GENERAL CHRONO**

---

NAME and NUMBER        BURRELL        T-48872        D7-231L        CDC-128-B (Rev. 4/74)

On 10/29/06, Inmate BURRELL, T-48872, appeared before Correctional Lieutenant R.E. Barbee Jr., Senior Hearing Officer, for the adjudication of Rules Violation Report Log #S06-09-0027R, for the specific charge of "Conspiracy To Introduce A Controlled Substance." Inmate BURRELL was found guilty and is required to attend Narcotics Anonymous per CCR §3315(f)(5)(K)1.

Orig: C-File                              R.E. Barbee Jr., Correctional Lieutenant
Cc:   Correctional Counselor II            Senior Hearing Officer
      Education Dept.                       Salinas Valley State Prison
      N.A. Sponsor
      Inmate

**DATE:**   10/29/06        **REQUIRED PARTICIPATION IN NARCOTICS ANONYMOUS**        **GENERAL CHRONO**

**NAME and NUMBER**     BURRELL     T-48872     D7-231L     CDC-128-B (Rev. 4/74)

On 10/29/06, Inmate BURRELL, T-48872, appeared before Correctional Lieutenant R.E. Barbee Jr., Senior Hearing Officer, for a CDC-115 concerning Rules Violation Report, Log #S06-09-0027R, charging him with the specific act of, **"CONSPIRACY TO INTRODUCE A CONTROLLED SUBSTANCE."** Inmate BURRELL was found **GUILTY**.

Inmate BURRELL is being assessed <u>**30**</u> days loss of privileges to begin on <u>10/29/06</u> and ending <u>11/28/06</u>, loss of privileges to include: No family visits, no canteen, no telephone *(unless verified emergency)*, no yard, no dayroom, no special purchases, and no quarterly packages.

Orig: C-File
Cc:   CC-II
      Facility Captain
      Housing Unit
      Inmate
      Canteen Manager

R.E. Barbee Jr., Correctional Lieutenant
Senior Hearing Officer
Salinas Valley State Prison

**DATE:**     10/29/06          **(LOSS OF PRIVILEGES)**                    **GENERAL CHRONO**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDC 837-A (Rev. 09/03)

PAGE 1 OF ___ 3

| INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|
| SVP-CEN-05-10-0667 | 10/16/05 | 10:30 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | USE OF FORCE |
|---|---|---|---|---|---|---|
| SVSP | CEN | ☐I ☐II ☐III ☒IV | VISITING | VISITING | ☐ASU ☐SHU ☐PSU ☐PHU<br>☐SNY ☒GP ☐CTC ☐RC<br>SEG. YARD: ☐CC ☐WA ☐RM | ☐YES ☒NO |

SPECIFIC CRIME / INCIDENT
CONSPIRACY TO INTRODUCE A CONTROLLED SUBSTANCE

☒ CCR ☐ PC ☐ N/A
NUMBER/SUBSECTION: 3016 (c)

| D. A. REFERRAL ELIGIBLE | SERT ACTIVATED | NMT ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|---|
| ☒YES ☐NO | ☐YES ☒NO | ☐YES ☒NO | ☐YES ☒NO | ☒YES ☐NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE<br>☐ STAFF<br>☐ VISITOR<br>☐ OTHER:<br><br>☒ N/A | ☐ ACCIDENTAL ☐ SUICIDE<br>☐ EXECUTION ☐ NATURAL<br>☐ HOMICIDE<br>☐ OVERDOSE<br>☐ UNKNOWN<br>☒ N/A | ☐ ON INMATE<br>☐ ON STAFF<br>☐ ON VISITOR<br>☐ OTHER:<br><br>☒ N/A | ☐ BEATING<br>☐ GASSING<br>☐ POISONING<br>☐ SEXUAL<br>☐ SHOOTING<br>☐ SLASHING | ☐ SPEARING<br>☐ STABBING<br>☐ STRANGLING<br>☐ OTHER:<br><br>☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | |
|---|---|---|---|---|
| ☐ INMATE<br>☐ STAFF<br>☐ VISITOR<br>☐ OTHER:<br><br>☒ N/A<br><br>ESCAPES<br>☐ W / FORCE<br>☐ W/O FORCE<br>☐ ATTEMPTED<br><br>☒ N/A | ☐ CHEMICAL SUBSTANCE TYPE:<br>☐ CLUB / BLUDGEON<br>☐ EXPLOSIVE<br>☐ FIREARM<br>☐ HANDS / FEET<br>☐ KNIFE<br>☐ SAP/SLUNG SHOT<br>☐ PROJECTILE<br>☐ SPEAR<br>☐ SLASHING INSTRUMENT<br>☐ STABBING INSTRUMENT<br>☐ OTHER:<br>☐ BODILY FLUID ☐ OTHER FLUID:<br>☐ UNKNOWN LIQUID<br>☒ N/A | ☐ COMMERCIAL WEAPON<br><br>☐ INMATE MANUFACTURED<br>WEAPON | WEAPON: WARNING # EFFECT #<br>☐ MINI 14<br>☐ 38 CAL.<br>☐ 9MM<br>☐ SHOTGUN<br>LAUNCHER:<br>☐ 37MM<br>☐ L8<br>☐ 40MM<br>☐ 40MM MULTI<br>☐ HFWRS<br>FORCE:<br>☐ SIDE-HANDLE BATON<br>☐ PHYSICAL FORCE<br>☐ X10<br>☐ OTHER: | TYPE: NO:<br>BATON ROUND:<br>WOOD ___<br>RUBBER ___<br>FOAM ___<br>STINGER:<br>.32 (A) ___<br>.60 (B) ___<br>EXACTIMPACT<br>CTS 4557 ___<br>XM 1006 ___<br>CHEMICAL:<br>☐ OC<br>☐ CN<br>☐ CS<br>☒ N/A |

| CONTROLLED SUBSTANCE / WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|
| ☐ POSITIVE UA ☐ CONTROLLED MEDS<br>☐ WITH PACKAGING ☐ WITHOUT PACKAGING<br>PRELIMINARY LAB<br>☐ AMPHETAMINE<br>☐ BARBITURATES<br>☐ COCAINE<br>☐ CODEINE<br>☐ HEROIN<br>☒ MARIJUANA/THC APPROX 3oz<br>☐ METHAMPHETAMINE<br>☐ MORPHINE<br>☐ OTHER:<br>☐ N/A | ☐ MODIFIED PROGRAM<br>☐ LOCKDOWN<br>☐ STATE OF EMERGENCY<br><br>IF YES, LIST AFFECTED<br>PROGRAMS:<br><br><br><br><br>☒ N/A | ☐ EMPLOYEE JOB ACTION<br>☐ ENVIRONMENTAL HAZARD<br>☐ EXPLOSION<br>☐ FIRE<br>☐ GANG/DISRUPTIVE GROUP<br>☐ HOSTAGE<br>☐ INMATE STRIKE<br>☐ MAJOR DISTURBANCE<br>☐ MAJOR POWER OUTAGE<br>☐ NATURAL DISASTER<br>☐ PUBLIC DEMONSTRATION<br>☐ SPECIAL INTEREST I/M | ☐ WEATHER<br>☐ SEARCH WARRANT<br>☐ ARREST<br>☐ OTHER:<br><br>EXTRACTION:<br>☐ CONTROLLED<br>☐ IMMEDIATE<br><br><br>☒ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On October 16, 2005 at approximately 1030 hours the Salinas Valley State Prison (SVSP), Investigative Service Unit (ISU) executed a search warrant on Mrs. Carla Reed, DOB 8/14/63 for introducing a Controlled Substance into SVSP. During the course of the cavity search of Mrs. Reed approximately 77.77 grams of Marijuana was discovered. Furthermore approximately

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| R. L. MARTINEZ | LIEUTENANT | | 33903 |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|---|
| | | | 10/16/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | | DATE |
|---|---|---|---|
| J MOSS | CAPTAIN (A) | | 10/17/05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __3__

| INCIDENT LOG NUMBER |
|---|
| SVP-CEN-05-10-0667 |

| INSTITUTION | FACILITY | | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| SVSP | CEN | | 10/16/05 | 10:30 |

TYPE OF INFORMATION:
☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

**NARRATIVE:**

10.92 GRAMS OF Marijuana was discovered in the Facility B, Visitor Bathroom, which was placed there by Delores Henderson, DOB 11/22/34. Mrs. Henderson was transported to SVSP by Mrs. Reed.

On October 16, 2005 SVSP, ISU Officer S. Henley concluded an investigation into the conspiracy of Mrs. Carla Reed and Inmate Burrell, T-48872 into Introducing a Controlled Substance into an Institution. During the course of the investigation Officer Henley had obtained through Confidential Informants that Mrs. Reed would be attempting to introduce a large amount of narcotics into SVSP during the weekend of 10/15/05 & 10/16/05. A search warrant was obtained through the Monterey County Courts and executed on 10/16/05. During the course of interviewing Mrs. Reed it was discovered that she had given a ride to a Mrs. Delores Henderson so that she could visit Inmate Henderson, D-58455, B5-132. The interview with Mrs. Reed was suspended.

Mrs. Henderson was ordered to report to the visiting processing area to be interviewed by ISU staff. Upon leaving Facility B, Visiting Room Mrs. Henderson was observed by Officer M. Herrera entering the bathroom. After Mrs. Henderson left the bathroom Officer Herrera searched it and discovered a white bindle wrapped in clear plastic packaging. Officer Herrera discovered the bindle in the seat cover dispenser located in the handicap stall. Mrs. Henderson was interviewed by Officer Henley, Sergeant A. Cariaga and Lieutenant R. L. Martinez. During the course of the interview Mrs. Henderson stated she received the bindle from Mrs. Reed and when she was called back to the visiting processing area she attempted to hide it in the seat cover dispenser in the handicap stall. Mrs. Henderson stated she did not know what was inside of the bindle and the interview was concluded. Officer A. Diaz was notified of the bindle being discovered and reported to Facility B, Visiting. Diaz took control of the bindle and conducted a Department of Justice Presumptive Drug Screening Test which proved positive for Marijuana and weighed approximately 10.92 grams. Officer Diaz took a series of photographs of the bindle and suspected Marijuana and placed it into Evidence Locker 51.

Mrs. Reed was notified of her Miranda rights and placed under arrest. Mrs. Reed was transported to Natividad Medical Center to have a body cavity search, which was conducted by Dr. M. Jones. During the cavity search it was discovered Mrs. Reed had three bindles secreted in her anus and one bindle secreted in her vagina. After the completion of the removal of the bindles from Mrs. Reed body, Officer Henley took control of the bindles. Henley took a series of photographs and conducted the Department of Justice Presumptive Drug Screening Test which proved positive for Marijuana. The suspected Marijuana weighed approximately 77.77 grams. Officer Henley placed the evidence into Evidence Locker 51.

Mrs. Reed and Mrs. Henderson was transported to the Monterey County Jail and released into their custody. Inmate Burrell and Henderson was rehoused in Administrative Segregation pending the completion of the disciplinary process.

SUSPECTS: Mrs. Reed, Mrs. Henderson, Inmate Burrell, T-48872, Inmate Henderson, D-58455

VICTIM: N/A

ESCORTS: D. Fragoso, A. Lopez, S. Henley, R. L. Martinez

USE OF FORCE: N/A

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| R. L. Martinez | Lieutenant | | 33903 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | | 10/16/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| J. Moss | Captain (A) | 10/17/05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __3__ OF __3__

INCIDENT LOG NUMBER
SVSP-CEN-05-10-0667

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SVSP | CEN | 10/16/05 | 10:30 |

TYPE OF INFORMATION:
☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE.

CRIME SCENE/EVIDENCE: Suspected Marijuana was placed in evidence locker 51 and Photo evidence was placed in the October film locker.

MEDICAL/MENTAL HEALTH: Burrell & Henderson are not in the Mental Health Program at any level of care.

MEDICAL/MENTAL HEALTH/EVALUATIONS/TREATMENT: LVN. G. Jaime Conducted a medical examination/evaluations (CDC 7219) on Inmate Henderson noting an old injury to right side of facial area. LVN G. Jaime noted no injuries to Inmate Burrell.

CONCLUSION: Inmate Burrell will be issued a Rules Violation report (CDC 115) for the violation of California Code Of Regulations 3016 (c), specifically, Conspiracy to Distribute a Controlled Substance . Inmate Henderson will be issued a CDC 115 for the violation of California Code Of Regulations 3016(c), Conspiracy to Distribute a Controlled Substance.   Mrs. Reed and Mrs. Henderson will be referred to the Monterey County District Attorney Office for possible prosecution.

NOTIFICATIONS: This incident will be referred to the Monterey County District Attorney's officer for possible felony prosecution. All appropriate Administrative Staff were notified of this incident. You will be apprised of any further developments in this matter via supplemental reports.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| R. L. Martinez | Lieutenant | | 33903 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | | 10/16/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| J. Moss | Captain (A) | 10/17/05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _____ OF _____

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | FAC.-B | SVP-CEN-05-10-0667 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| HENDERSON | RAYMOND | | D-58455 | M | BLK | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | 69 | ☐ YES ☐ NO | | | | ☐ YES ☒ NO | | |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☒ N/A

☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| BURRELL | ANGEE | | T-48872 | M | BLACK | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☒ SUSPECT ☐ WITNESS | 61 | ☐ YES ☒ NO | | | | ☐ YES ☒ NO | | |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT ALAMEDA |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☒ N/A

☐ VALIDATED ☐ ASSOCIATED ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | | ☐ YES ☐ NO | / / | / / | / / | ☐ YES ☐ NO | / / | |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ N/A | ☐ DMH | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☐ N/A

☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☐ N/A    ☐ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | | ☐ YES ☐ NO | / / | / / | / / | ☐ YES ☐ NO | / / | |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ N/A | ☐ DMH | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☐ N/A

☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☐ N/A    ☐ N/A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDCR 837-B2 (Rev. 07/05)

PAGE _____ OF _____

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | FAC.-B | SVP-CEN-05-10-0667 |

**STAFF (ENTIRE SHEET)**

| NAME  LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Martinez | R. | | Lieutenant | M | HIS | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | | | Institutional Gang Investigator |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE : _____  ☒ N/A | ☒ N/A | TYPE: | ☐ YES ☒ NO |

| NAME  LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Caringa | A. | R | Correctional Sergeant | M | HIS | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☒ PRIMARY   ☐ CAMERA | | 250415 | SECURITY SQUAD SERGEANT |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____  ☒ N/A | ☒ N/A | TYPE: | ☒ YES ☐ NO |

| NAME  LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Henley | S. | ☐ | Correctional Officer | F | WHITE | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☒ PRIMARY   ☐ CAMERA | | 253101 | Security Squad Officer #2 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____  ☒ N/A | ☒ N/A | TYPE: | ☒ YES ☐ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Fragoso | D. | | Correctional Officer | M | HIS | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | | 253102 | Security Squad #3 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____  ☒ N/A | ☒ N/A | TYPE: | ☐ YES ☒ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Perez | E. | | Correctional Officer | M | HIS | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | | 253106 | Security Squad #7 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____  ☒ N/A | ☒ N/A | TYPE: | ☐ YES ☒ NO |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDCR 837-B2 (Rev. 07/05)

PAGE _____ OF _____

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| SVSP | | FAC.-B | SVP-CEN-05-10-0667 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Diaz | A. | | Correctional Officer | M | HIS | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 253107 | Assist. Institutional Gang Investigator |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☒ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO |
| ☐ DECEASED DATE : _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Parsons | E. | | Correctional Officer | M | White | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 253110 | Tool Control Officer |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☒ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Holcomb | C. | ☐ | Correctional Officer | F | WHITE | S/SH |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | Entrance Building Officer |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☒ WITNESS | | | |
| ☐ VICTIM | ☐ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☒ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Herrera | M | | Correctional Officer | M | HIS | W/T |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | Facility "B" Visiting Officer |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☐ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☒ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☐ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☐ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B3- VISITOR, OTHER**
CDCR 837-B3 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _____ OF _____

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | FAC.-B | SVP-CEN-05-10-0667 |

**VISITOR, OTHER (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TYPE OF ID & #. | SEX | ETHNICITY |
|---|---|---|---|---|---|
| Reed | Carla | J | ▓▓▓▓ | F | BLK |

| CHECK ONE | CHECK ONE | DESCRIPTION OF INJURIES: |
|---|---|---|
| ☐ VICTIM | ☒ VISITOR | |
| ☒ SUSPECT | ☐ OTHER: | |
| ☐ WITNESS | | ☒ N/A |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | TYPE OF ID & #. | SEX | ETHNICITY |
|---|---|---|---|---|---|
| Henderson | Debres | D | ▓▓▓▓ | F | Blk |

| CHECK ONE | CHECK ONE | DESCRIPTION OF INJURIES: |
|---|---|---|
| ☐ VICTIM | ☒ VISITOR | |
| ☒ SUSPECT | ☐ OTHER: | |
| ☐ WITNESS | | ☒N/A |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | TYPE OF ID & # | SEX | ETHNICITY |
|---|---|---|---|---|---|
| | | | | | |

| CHECK ONE | CHECK ONE | DESCRIPTION OF INJURIES: |
|---|---|---|
| ☐ VICTIM | ☐ VISITOR | |
| ☐ SUSPECT | ☐ OTHER: | |
| ☐ WITNESS | | ☐ N/A |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ DECEASED DATE: _____ | ☐ N/A | ☐ N/A |

| NAME: LAST | FIRST | MI | TYPE OF ID & # | SEX | ETHNICITY |
|---|---|---|---|---|---|
| | | | | | |

| CHECK ONE | CHECK ONE | DESCRIPTION OF INJURIES: |
|---|---|---|
| ☐ VICTIM | ☐ VISITOR | |
| ☐ SUSPECT | ☐ OTHER: | |
| ☐ WITNESS | | ☐ N/A |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ DECEASED DATE: _____ | ☐ N/A | ☐ N/A |

| NAME: LAST | FIRST | MI | TYPE OF ID & # | SEX | ETHNICITY |
|---|---|---|---|---|---|
| | | | | | |

| CHECK ONE | CHECK ONE | DESCRIPTION OF INJURIES: |
|---|---|---|
| ☐ VICTIM | ☐ VISITOR | |
| ☐ SUSPECT | ☐ OTHER: | |
| ☐ WITNESS | | ☐ N/A |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ DECEASED DATE: _____ | ☐ N/A | ☐ N/A |

| NAME: LAST | FIRST | MI | TYPE OF ID & # | SEX | ETHNICITY |
|---|---|---|---|---|---|
| | | | | | |

| CHECK ONE | CHECK ONE | DESCRIPTION OF INJURIES: |
|---|---|---|
| ☐ VICTIM | ☐ VISITOR | |
| ☐ SUSPECT | ☐ OTHER: | |
| ☐ WITNESS | | ☐ N/A |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ DECEASED DATE: _____ | ☐ N/A | ☐ N/A |

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

| | | | | PAGE __1__ OF __3__ | | INCIDENT LOG NUMBER SVP-CEN-05-10-0667 |
|---|---|---|---|---|---|---|

| NAME: LAST | | FIRST | | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|---|---|
| Henley | | S | | | M | 10/16/05 | 10:30 |

| POST # | POSITION | | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 253101 | S&I # 2 | | 10 YR. 11 MO. | 10/17/05 | Central Visiting Processing |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|---|
| S/S/H | 0800-1630 | Conspiracy to Introduce a Controlled Substance | | 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | Lt. R. Martinez | | Burrell T-48872 | B5-216 |
| ☐ RESPONDER | Sgt. Carriaga | | Henderson D-58455 | B5-132 |
| ☐ WITNESS | Sgt. Knuckles | | Carla Reed | Visitor of Burrell |
| ☐ VICTIM | C/O M. Valdez | | Delores Henderson | Vistor of Henderson |
| ☐ CAMERA | C/O A. Diaz | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | TYPE: | NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC _____ | 37 MM | | | 9 MM |
| ☒ NONE | ☐ 38 CAL | ☐ CN _____ | L8 | | | 38 CAL |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS _____ | 40 MM | | | MINI-14 |
| | ☐ 37 MM   ☐ L8 | ☐ OTHER:_____ | 40 MULTI | | | ☒ N/A |
| ☐ WEAPON | ☐ 40 MM   ☐ 40 MULTI   ☒ N/A | | SHOTGUN | | | |
| ☐ PHYSICAL ☒ NONE | ☐ HFWRS   ☐ BATON | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|---|
| ☒ YES | Four balloons containing suspected Marijuana. Digital Photographs | | I.S.U. Film Evidence Locker (October 2005) I.S.U. Evidence Locker # 51 | | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | | ☐ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | | ☐ YES |
| ☒ NO | | | ☐ UNKNOWN | | ☒ NO |
| | ☐ N/A | ☐ N/A | ☐ OTHER: _____ | | |

**NARRATIVE:**

On October 16, 2005, the Salinas Valley State Prison (SVSP), Investigative Services Unit (ISU) was conducting an investigation regarding the introduction of a Controlled Substance into SVSP. On Sunday, October 16, 2005, at approximately 1030 hours, Sergeant C. Knuckles, Visiting Sergeant contacted me and informed me that Mrs. Carla Reed, D.O.B. 08/14/1963 an approved visitor of Inmate Burrell T-48872, B5-216, had arrived at the Central Visiting Processing Center and had signed a CDC 1000, Visitors Pass. ISU then responded to the Central Visiting Processing Center, where I made the initial contact with Mrs. Reed. Due to numerous visitors in the visitors processing room, I asked Mrs. Reed to step out of the visiting area, where I could talk with her privately. Upon exiting the visiting processing area I informed Mrs. Reed that I was conducting an investigation and that I needed to speak with her. Mrs. Reed was then escorted to the SVSP Administration Building, In Service Training (IST) class room.   Mrs. Reed was then advised that she was suspected of bring a controlled substance into SVSP.  Mrs. Reed was informed that this unit had obtained a search warrant and that the search warrant included her person, her personal belongings and any vehicle she arrived in.   Mrs. Reed was then asked to relinquished her vehicle key, at which time she did.  Mrs. Reed also indicated that she had provided a second visitor with a ride and identified her as Mrs. Delores Henderson, an approved visitor of Inmate Henderson D-58455, B5-132.  Sergeant Knuckles was informed and she requested that visiting staff have Mrs. Henderson report back to the visiting processing center.  Officer's A. Diaz and M. Valdez conducted the vehicle search.  During the interview I informed Mrs. Reed that I would like to utilize a Narcotic Canine during

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | | 10/17/2005 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTION:

| | | PAGE __2__ OF __3__ | INCIDENT LOG NUMBER SVP-CEN-05-10-0667 |
|---|---|---|---|

| NAME: LAST Henley | FIRST S. | | Mi M. |
|---|---|---|---|

**TYPE OF INFORMATION:**

[X] CONTINUATION OF REPORT      [ ] CLARIFICATION OF REPORT      [ ] ADDITIONAL INFORMATION

**NARRATIVE:**

the search of her vehicle at which time she stated that "OK".    During the canine search of Mrs. Reed's vehicle, the narcotic canine exhibited a change of behavior consistent with the presence of the odor of a controlled substance. During the search the canine alerted to the following area's: Front passenger seat. Front Console (Ashtray area) and the second row seat, near the sliding door. During the hand search of the vehicle officer M. Valdez and Officer A. Diaz, found items in the vehicle consistent with the packaging of narcotics (I.E Baggies tape and balloons and Vaseline) leading us to believe that she was indeed in possession of a controlled substance with the intention to introduce it into the prison. Upon completion of the vehicle search Mrs. reed was asked to submit to an unclothed body search at which time she stated that if she was going to have to submit to the unclothed body search she would rather just wait till she was taken to a medical facility.

Sergeant Knuckles informed me that Mrs. Henderson the second visitor that had obtained a ride from Mrs. Reed had been escorted to the Administrative Building and was being supervised by a female visiting staff member.

I was informed by Sergeant A. Carriaga that during the search of the rest room in the Facility "B" visiting a balloon was found that contained suspected controlled substance.

During the investigation it was discovered that Mrs. Henderson had arrived at SVSP with Mrs. Reed and prior to our arrival to the visiting processing center Mrs. Henderson was allowed to enter the institution. Mrs. Henderson arrived with the intention of visiting Inmate Henderson, D-58455, B5-132. Upon her arrival to the facility visiting room she utilized the rest room and then was told that she needed to report back to the visiting processing center. Sergeant Knuckles was notified of the above information and instructed her staff to conduct a search of the rest room. During this search a balloon was discovered in the disability stale that contained suspected narcotics.

At approximately 1300, hours ISU interviewed Mrs. Henderson regarding the balloon that was found in the rest room of the Facility "B" Visiting. During the interview Mrs. Henderson stated that Mrs. Reed gave her the balloon prior to their arrival and told her to put it in her bra and take it into visiting. Mrs. Henderson stated that she did not want to do this but she did it any ways. Mrs. Henderson stated that when the officers called her back to the visiting processing area she got scared and attempted to hide the balloon in the paper toilet seat covers on the wall.

At approximately 1414 hours and second interview was conducted with Mrs. Reed, during this interview Mrs. Reed invoked her right to remain silent and chose not to make a statement.

At approximately 1700 hours, Lieutenant R. Martinez and I transported Mrs. Reed to an outside hospital where a body cavity search was to be conducted. Upon our arrival to Natividad Medical Center (NMC) Registered Nurse M. Mojica informed Mrs. Reed that this would be a lot easier if she just relinquished the items, at which time Mrs. Reed stated that she couldn't, that they were stuck. Doctor M. Jones and Nurse Mojica then administered the cavity search in order to obtain the items secreted in Mrs. Reeds rectum and vagina. During the procedure four balloons were recovered from Mrs. Reeds cavities. Three from her rectum and one from her vagina. the balloons were placed into evidence bags and kept in my possession. At approximately 1915 hours Mrs. Reed was transported to the Monterey County Adult Detention Facility, where she was booked into County Jail

I then returned to SVSP and placed the following items into evidence:
Four balloons of suspected Marijuana. These balloons were opened and photographed with a Digital camera and then secured into ISU Evidence Locker # 51. The digital photographs were secured in the ISU Film Evidence Locker (Oct. 2005).

[ ] **CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1**

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # | DATE 02/09/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED [ ] YES [ ] NO | CLARIFICATION NEEDED [ ] YES [ ] NO | DATE |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTION

PAGE __1__ OF __1__

INCIDENT LOG NUMBER
SVP-CEN-05-10-0667

| NAME. LAST | FIRST | MI |
|---|---|---|
| Henley. | S. | M. |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT   [ ] CLARIFICATION OF REPORT   [ ] ADDITIONAL INFORMATION

**NARRATIVE:**

The photographs consisted of the following Over all views of balloons in the original packaging. Mid range view of balloons with a ruler. Close up view of balloons cut open showing green leafy substance. Over all view of suspected Marijuana removed from the packaging (balloons). Upon competition of the photographs, I conducted a Department of Justice Presumptive Drug Test on the suspected Marijuana. The presumptive test indicated a positive color change for Marijuana.

Upon completion of the presumptive test, I placed the suspected Marijuana and the wrapping (I.E. Balloons, tape and plastic) in individual zip lock baggies and placed them in Evidence bags securing them into ISU Evidence Locker 51.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | | 10/17/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | [ ] YES [ ] NO | [ ] YES [ ] NO | |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER
SVP-CEN-05-10-0667

| NAME: LAST | | FIRST | | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|---|---|
| DIAZ | | A. | | | | 10/16/05 | 10:30 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253107 | S&I # 8 | 4 YR. 5 MO. | 10/16/05 | Fac 'B' Visiting, Women's restroom |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S/H | 0730-1600 | Conspiracy to introduce a controlled substance within the institution | 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | C/O S. Henley, (S) | Dolores Henderson (S) |
| ☐ RESPONDER | C/O M. Herrera, (S) | Carla Reed, (S) |
| ☐ WITNESS | | Henderson, D-58455 (S) |
| ☐ VICTIM | | Burrell, T-48872 (S) |
| ☒ CAMERA | | |

| FORCE USED BY YOU | | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|---|
| | | | | | TYPE: | NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | **CHEM. TYPE:** | | | | | |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM | | | 9 MM | |
| ☒ NONE | ☐ 38 CAL | ☐ CN | L8 | | | 38 CAL | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ CS | 40 MM | | | MINI-14 | |
| ☐ WEAPON | ☐ 37 MM  ☐ L8 | ☐ OTHER: | 40 MULTI | | | ☒ N/A | |
| ☐ PHYSICAL | ☐ 40 MM  ☒ 40 MULTI  ☒ N/A | | SHOTGUN | | | | |
| ☒ NONE | ☐ HFWRS  ☐ BATON | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|---|
| ☒ YES | 1 round bindle wrapped in clear plastic cellophane | | Controlled substance locker #51 | | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO  ☒ N/A | | ☒ N/A | ☐ UNKNOWN  ☐ OTHER: | ☒ NO |

**NARRATIVE:**

On October 16, 2005, at approximately 1030 hours, while performing my duties as Security Squad Officer # 8, I was assisting with a vehicle search registered to Ms. Carla Reed and a female visitor Ms. Reed transported with her identified as Dolores Henderson for contraband. Ms. Reed is an approved visitor for Inmate Burrell, T-48872 and Ms. Henderson is approved to visit Inmate Henderson, T-58455. Subsequently during the vehicle search, I was notified by Security Squad Officer S. Henley that suspected contraband was found in Facility 'B' visiting room. I then proceeded to Facility 'B' to photograph and take possession of the suspected contraband. Upon my arrival to Facility 'B', I was informed by Facility 'B' Visiting Officer M. Herrera that he conducted a search of the women's rest room and found what appeared to be a wrapped plastic bindle of suspected contraband after visitor Dolores Henderson had exited the rest room.

Herrera proceeded to guide me to the exact location he found the suspected contraband. The contraband was located in the far left rest room stall secreted inside the lower right corner in the toilet seat paper cover dispenser on the wall. The round shape plastic bindle appeared to be wrapped in white latex and clear plastic cellophane on the outside layer measuring approximately two (2) inches in length. I photographed and secured the evidence and proceeded to the Investigative Service Unit (ISU) office to examine and conduct a Department of Justice (DOJ) presumptive drug screening test on the suspected bindle of contraband. The wrapped bindle weighed approximately 10.92 grams and proceeded to unwrap the item.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | | 10/16/05 |

| NAME AND TITLE OF REVIEWER (PRINT \ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| R.L. MARTINEZ | 10/17/05 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | 10/17/05 |

Distribution: Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

| | | |
|---|---|---|
| | PAGE __2__ OF __2__ | INCIDENT LOG NUMBER : SVP-CEN-05-10-0667 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| Diaz' | A. | |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT        ☐ CLARIFICATION OF REPORT        ☐ ADDITIONAL INFORMATION

NARRATIVE:

As I began to unwrap the suspected contraband, it was disclosed to have four layers of wrapping around it. The first inner layer was a clear cellophane plastic, the second outside layer was black electrical tape , the third layer was white latex rubber and the fourth layer was a clear cellophane plastic and discovered what appeared to be a green leafy substance (marijuana) inside. The green leafy substance weighed approximately 6.38 grams and tested positive for marijuana.

I proceeded to take the following digital photographs of the suspected contraband as follows:

1.  Overall view of complex one, showing the entrance to Facility 'A' and Facility 'B' visiting room.

2.  Overall view of entrance door to Facility 'B' visiting room.

3.  Overall view of visitor processing on Facility 'B' visiting room.

4.  Overall view of women's rest room entrance on Facility 'B' visiting room.

5.  Mid range view of women's rest room entrance on Facility 'B' visiting room.

6.  Mid range view of inside of women's rest room showing two sinks and mirrors.

7   Overall view of far left rest room stall in women's rest room with the entrance door opened.

8.  Mid range view of inside rest room stall showing empty toilet seat cover paper dispenser on the wall.

9.  Close up view of empty toilet seat cover paper dispenser on the wall.

10. Close up view of empty toilet seat cover paper dispenser depicting suspected contraband secreted on the right lower corner.

11. Close up view of bindle wrapped in plastic on top of the toilet seat cover paper dispenser.

12. Close up view of bindle wrapped in plastic with measuring card.

13. Close up view of opened bindle depicting green leafy substance wrapped in clear cellophane plastic.

14. Close up view of opened bindle with measuring card.

15. Close up view of opened item depicting green leafy substance wrapped in clear cellophane plastic, black electrical tape, white latex rubber, and more clear cellophane plastic.

16. Close up view of opened clear cellophane plastic exposing green leafy substance with measuring card.

I secured and processed the controlled substance in ISU evidence locker #51 pending DOJ testing results and the digital photographs in the ISU evidence photo locker for October/2005.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | | DATE |
|---|---|---|---|---|---|
| | C/O | | | | 10/16/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☒ YES ☐ NO | ☐ YES ☐ NO | 10/17/05 |

Distribution    Original Incident Package    Copy: Reporting Employee        Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C-1 - SUPPLEMENT**

CDC 837 C-1

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| NAME (LAST, FIRST, MI) | | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|---|
| Herrera | M | A | 68281 | 10-16-05 | SVPCEN-05-10-206 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 1yr 6months | B Visiting officer | 10:45 AM | 10-16-05 |

| RDO: | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| W/TH | Vary | B Visiting |

**DESCRIPTION OF INCIDENT / CRIME**

Conspiracy to introduce Narcotics Into the Institution

**CCR SECTION / RULE**  3016 (c)

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| PRIMARY | | |
| RESPONDER | | |
| [X] WITNESS | | |
| VICTIM | | |
| CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| LETHAL | MINI - 14 | 37MM | | LETHAL |
| LESS LETHAL | SHOTGUN | BATON | | LESS LETHAL |
| PHYSICAL | HANDGUN | OC | | PHYSICAL |
| [X] NONE | OTHER N/A | OTHER N/A | N/A | [X] NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| YES | | | YES | YES |
| [X] NO | N/A | N/A | [X] NO | [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| YES | | | YES | YES |
| [X] NO | N/A | N/A | [X] NO | [X] NO |

**NARRATIVE:**

On 10-16-05 at or about 10:45am while performing my duties as B Visiting officer. I received a call from Sgt Knuckles B Visiting Sergeant. I was directed by Sgt Knuckles to ask B Visitor Delores Henderson to return to the Visitor processing area. I then directed Mrs. Henderson to return to Processing. Before she returned She went into the Visitor restroom in B Visiting. Once Mrs Henderson exited the restroom I Searched it for Contraband. During my Search I discovered a bindle white in color wrapped with clear plastic tied off at both ends. I found it in the toilet seat cover dispenser in the handicap stall of the womans restroom. I Secured the restroom and Called JSW officer Diaz and let him know what I had found. When officer Diaz arrived I Showed him where

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | | BADGE/I.D. # | DATE |
|---|---|---|---|
| M.A. Herrera    Herrera | | | 10-16-05 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| | [ ] | [ ] | |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART C-2 - SUPPLEMENT
CDC 837 C-2

PAGE 2 OF 2

INCIDENT LOG NUMBER
SVP-Cen-05-10-0067

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Herrera M A | 68281 | 10-16-05 | 1045 Am |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

The bindle was located in the Womens restroom. Officer Diuz then Processed the Scene and took Control of of the bindle. This concludes my report.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| C/o M.A Herrera Matters | | 11-16-05 |

REVIEWER'S SIGNATURE

| | APPROVED ☐ | CLARIFICATION NEEDED ☐ | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE ___1___ OF ___1___

INCIDENT LOG NUMBER
SVP-CEN-05-10-0667

| NAME LAST | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|
| Fragoso | D | | | 10/16/05 | 10:30 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253102 | S&I # 3 | 18 YR. 11 MO. | 10/16/05 | Visitor Processing |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☒ N/A |
|---|---|---|---|---|
| S/S/H | 0800-1630 | Conspiracy To Introduce Narcotics Into An Institution | 3016 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Officer A. Lopez | Delores Henderson (S) Inmate Visitor |
| ☒ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| | | | | TYPE: | NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | | | |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC ____ | 37 MM ____ | ____ | 9 MM ____ | |
| ☒ NONE | ☐ 38 CAL | ☐ CN ____ | L8 ____ | | 38 CAL ____ | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS ____ | 40 MM ____ | ____ | MINI-14 ____ | |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☐ OTHER: ____ | 40 MULTI ____ | ____ | ☒ N/A | |
| ☐ PHYSICAL | ☐ 40 MM ☐ 40 MULTI ☒ N/A | | | | | |
| ☒ NONE | ☐ HFWRS ☐ BATON | | SHOTGUN ____ | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | | | ☐ YES | ☐ YES |
| ☐ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: ____ | ☒ NO |

**NARRATIVE:**

On 10-16-05 at approximately 1330 hrs I received a phone call at my residence from Investigative Services Unit (ISU) Sergeant A. Cariaga. I arrived at the institution at approximately 1445 hours. I was instructed by Sgt. Cariaga that inmate visitor Delores D. Henderson was in custody due to her involvement in a conspiracy to introduce narcotics into an institution. Sgt. Cariaga informed me that I would transport Mrs. Henderson to the Monterey County Jail. At approximately 1715 hours with the assistance of Officer A. Lopez, Delores Henderson was transported to the Monterey County Jail. At approximately 1745 hours, Mrs. Henderson was booked into the Monterey County Jail. This concludes my report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | ▓▓▓▓ | ▓▓▓▓ | 10-16-05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA  
**CRIME / INCIDENT REPORT**  
**PART C- STAFF REPORT**  
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __1__

INCIDENT LOG NUMBER: SVP-CEN-05-10-066

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| HOLCOMB | C | M | 10/16/05 | 1030 HRS |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| | ENT. BLDG | 6 YR. 3 MO. | 10/16/05 | VISITOR PROCESSING |

| RDO's: F/S | DUTY HOURS 06:00/1400 | DESCRIPTION OF CRIME / INCIDENT: CONSPIRACY TO INTRODUCE C/S INTO INSTITUTION | CCR SECTION / RULE 3016 (C) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | VALDEZ, III (S) | CARLA REED (S) (CDC# N753116) |
| ☒ RESPONDER | Henley, S. (S) | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

FORCE USED BY YOU: ☐ WEAPON ☐ PHYSICAL ☒ NONE

WEAPONS USED BY YOU: ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN ☐ 37 MM ☐ L8 ☐ 40 MM ☐ 40 MULTI ☒ N/A ☐ HFWRS ☐ BATON  
CHEM. TYPE: ☐ OC ☐ CN ☐ CS ☐ OTHER: ☒ N/A

FORCE OBSERVED BY YOU: ☐ WEAPON ☐ PHYSICAL ☒ NONE

SHOTS FIRED BY YOU: 37 MM, L8, 40 MM, 40 MULTI, SHOTGUN / 9 MM, 38 CAL, MINI-14 — ☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ OTHER: ☒ N/A | ☐ YES ☒ NO |

NARRATIVE: On October 16, 2005 while performing my duties as entrance officer at approximately 1030 hrs. I was instructed by Squad Officer Valdez to assist Squad Officer Henley in the entrance building. I assisted Squad Officer Henley by maintaining security and visual overview of visitor Carla Reed (CDC# N753116). At 1730 hrs. I was relieved of my duties by Squad Officer Valdez. This concludes my report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE: C/O | BADGE # | ID # | DATE 10/16/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 10/16/05 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 10/16/05 |

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

| | |
|---|---|
| PAGE 1 OF 1 | INCIDENT LOG NUMBER SVP-CEN-05-10-0667 |

| NAME: LAST Parsons | | FIRST E. | | MI R. | DATE OF INCIDENT 10/16/05 | TIME OF INCIDENT 10:30 |
|---|---|---|---|---|---|---|

| POST # 253110 | POSITION S & I #10 | YEARS OF SERVICE 7 YR. 6 MO. | DATE OF REPORT 10/16/05 | LOCATION OF INCIDENT Visiting Prosessing |
|---|---|---|---|---|

| RDO: S.S.H | DUTY HOURS 0730 - 1600 | DESCRIPTION OF CRIME / INCIDENT CONSPIRCY TO INTRODUCE NARCOTICS IN AN INSTUTION | CCR SECTION / RULE 3016 (c) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | | |
|---|---|---|---|---|---|
| ☐ PRIMARY | Sgt. A. R. Cariaga | | Henderson D58455 | cell | 132 |
| ☒ RESPONDER | E. Perez | | Jones V42425 | cell | 132 |
| ☐ WITNESS | | | Burrell T48872 | cell | 216 |
| ☐ VICTIM | | | Hymes D94875 | cell | 216 |
| ☐ CAMERA | | | Ms. Carla Reed | visitor | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | | |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | TYPE: | NO: | | | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC ____ | 37 MM | ____ | 9 MM | ____ |
| ☒ NONE | ☐ 38 CAL | ☐ CN ____ | L8 | ____ | 38 CAL | ____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS ____ | 40 MM | ____ | MINI-14 | ____ |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☐ OTHER: ____ | 40 MULTI | ____ | | |
| ☐ PHYSICAL | ☐ 40 MM ☐ 40 MULTI ☒ N/A | | | | ☒ N/A | |
| ☒ NONE | ☐ HFWRS ☐ BATON | | SHOTGUN | ____ | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: ____ | ☐ YES ☒ NO |

**NARRATIVE:**

On October 16, 2005, The Investigative Services Unit (ISU) was conducting an investigation of drug activity, by a visitor at Salinas Valley State Prison (SVSP). I was contacted at my residence at 13:30 hours by Sergeant A. R. Cariaga and was directed to respond to SVSP. Upon arrival at SVSP I provided security observing a visitor named Ms. Carla Reed, suspected of conspiracy to introduce drugs into SVSP. I was later directed By Sgt. Cariaga to conduct cell searches on Facility "B" Building 5 for suspected drugs and indicia. Security Squad Officer E. Perez and I searched Facility "B" Building 5, Cells 132 and 216.

The search of cell B5 - 132, occupied by Inmates Henderson D-58455, and Jones V42425, yielded negative results for drugs. The search of cell B5 - 216 occupied by Inmate Burrell T-48872 and Inmate Hymes D94875, yielded negative results for drugs. This concludes my report.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # ▉ | ID # ▉ | DATE 10/16/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __1__

| INCIDENT LOG NUMBER |
| --- |
| SVP-CEN-05-10--0667 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
| --- | --- | --- | --- | --- |
| Lopez | A. | | 10/16/05 | 10:30 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| 253051 | Visiting Processing | 8 YR. MO. | 10/16/05 | Visiting Processing |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
| --- | --- | --- | --- | --- |
| W/TH | 0800/1600 | Conspiracy To Introduce Narcotics Into An Institution | 3016 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- | --- |
| ☐ PRIMARY | C/O D.Fragoso | Delores Henderson    (S) Inmate Visitor |
| ☒ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | |
| --- | --- | --- | --- | --- | --- |
| ☐ WEAPON | ☐ MINI-14    CHEM. TYPE: | | TYPE: | NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM    ☐ OC _____ | | 37 MM | | 9 MM |
| ☒ NONE | ☐ 38 CAL    ☐ CN _____ | | L8 | | 38 CAL |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN    ☐ CS _____ | | 40 MM | | MINI-14 |
| ☐ WEAPON | ☐ 37 MM  ☐ L8   ☐ OTHER:_____ | | 40 MULTI | | ☒ N/A |
| ☐ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI  ☒ N/A | | | |
| ☒ NONE | ☐ HFWRS  ☐ BATON | | SHOTGUN | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- | --- |
| ☐ YES | | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
| --- | --- | --- | --- | --- | --- |
| ☐ YES | | | ☐ BODILY    ☒ N/A | | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN    ☐ OTHER: _____ | | ☒ NO |

**NARRATIVE:**

On October 16,2005, at approximately 1130 hours while performing my duties as Visiting Processing Officer I was instructed by Visiting Sergeant K. Nuckles to report to the Administration Building to relieve Officer T.C. Wittman whom was providing coverage on Inmate visitor Delores Henderson. At approximately 1310 hours I was instructed by Sgt. A. Cariaga to escort Ms. Delores Henderson to the In Services Training Classroom A. I maintained visual coverage of Ms. Henerson while Investigative Services Unit (ISU) Sgt. A. Cariaga conducted an interview along with ISU Officer Henley. At approximately 1340 hours I was instructed by Sgt. Cariaga to have Ms. Henderson escorted in the Lounge chair located in the female bathroom upon completion of their interview.

At approximately 1715 hours I was instructed by Sgt. Cariaga to assist Officer D. Fragoso, in transporting Mrs. Henderson to the Monterey County Jail. At approximately 1745 hours, Mrs. Henderson was booked into the Monterey County Jail. This concludes my report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| --- | --- | --- | --- | --- |
| | C/O | | | 10/16/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| | | ☐ YES  ☐ NO | ☐ YES  ☐ NO | |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

| PAGE __1__ OF __1__ | INCIDENT LOG NUMBER: SVP-CEN-05-10-0667 |
| --- | --- |

| NAME: LAST Perez | FIRST E. | MI | DATE OF INCIDENT 10/16/05 | TIME OF INCIDENT 10:30 |
| --- | --- | --- | --- | --- |

| POST # 253106 | POSITION Squad # 7 | YEARS OF SERVICE 5 YR. 10 MO. | DATE OF REPORT 10/16/05 | LOCATION OF INCIDENT Visitor Processing |
| --- | --- | --- | --- | --- |

| RDO's S/S/H | DUTY HOURS 0730-1600 | DESCRIPTION OF CRIME / INCIDENT Conspiracy to Introduce Controlled Substance into Institution | CCR SECTION / RULE 3016 (c) | ☐ N/A |
| --- | --- | --- | --- | --- |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR; O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- | --- |
| ☐ PRIMARY | (S) Sgt. A. R. Cariaga | (S) Henderson  D-58455 |
| ☒ RESPONDER | | (S) Burrell  T-48872 |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | SHOTS FIRED BY YOU |
| --- | --- | --- |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | | SHOTS FIRED BY YOU | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | CHEM. TYPE: | | | TYPE: | NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | | | | | | | |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC ____ | | | 37 MM ____ | | 9 MM ____ | |
| ☒ NONE | ☐ 38 CAL | ☐ CN ____ | | | L8 ____ | | 38 CAL ____ | |
| | ☐ SHOTGUN | ☐ CS ____ | | | 40 MM ____ | | MINI-14 ____ | |
| FORCE OBSERVED BY YOU | ☐ 37 MM  ☐ L8 | ☐ OTHER: ____ | | | 40 MULTI ____ | | ☒ N/A | |
| ☐ WEAPON | ☐ 40 MM  ☐ 40 MULTI  ☒ N/A | | | | SHOTGUN ____ | | | |
| ☐ PHYSICAL | ☐ HFWRS  ☐ BATON | | | | | | | |
| ☒ NONE | | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
| --- | --- | --- | --- | --- |
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☐ OTHER: ____ | ☒ NO |

**NARRATIVE:**

On October 16, 2005, at approximately 1330 hours, I was contacted via telephone and instructed to report to duty to assist on incident # SVP-CEN-05-10-0667. Upon my arrival to the institution, I reported to the Administration Building and was briefed by Sergeant (Sgt.) A. R. Cariaga regarding the incident. At that time, I was instructed by Sgt. Cariaga to report to Facility B and conduct a search of cells 132 and 216 in Facility B, Building 5.

I arrived to Facility B, Building 5 and began to search cell 132, the cell was assigned to Inmates Henderson D-58455 and Jones V-42425. At the completion of the cell search, which resulted negative for any narcotics, I produced a cell search receipt (form S.V.S.P. form RR004-98) for the items confiscated from Henderson's property pending further investigation. I then reported to cell 216 which was assigned to Inmates Burrell T-48872 and Hymes D-94875.

At the completion of searching cell 216, which resulted in negative for any narcotics, I produced a cell search receipt (form S.V.S.P. form RR004-98) for the items confiscated from Burrell's property pending further investigation. The property items taken from Henderson and Burrell were taken to the Investigative Services Unit office, pending review. This concludes my report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # ▊▊▊ | ID # ▊▊▊ | DATE 10/16/05 |
| --- | --- | --- | --- | --- |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS

# MEDICAL REPORT OF INJURY
# OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| | | USE OF FORCE    INJURY | | PRE AD/SEG ADMISSION | |
| | | UNUSUAL OCCURRENCE | | | |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | Davidson | | D52455 | | |

| | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | | |

| | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | | |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| | | | AMBULATORY   LITTER   WHEELCHAIR   ON SITE | 51 | AA | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE



| INJURIES FOUND? | YES/NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other: | 17 |
| | 18 |
| | 19 |
| O.C. SPRAY EXPOSURE? | YES / NO |
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | YES / NO |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE    (PRINT AND SIGN) | BADGE # | RDO |
|---|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| | | USE OF FORCE | INJURY / UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 10/14/08 |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Sorrell | FIRST | CDC NUMBER T48872 | HOUSING LOC | NEW HOUSING LOC |
|---|---|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDO |
|---|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|---|
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| | | | AMBULATORY   LITTER   WHEELCHAIR   ON SITE | | | |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

No statement

| INJURIES FOUND | YES | NO |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Swollen Area | 16 | |
| Other: | 17 | |
| | 18 | |
| | 19 | |

O.C. SPRAY EXPOSURE?   YES / NO

DECONTAMINATED?   YES / NO

Self-decontamination instructions given?   YES / NO

Refused decontamination?   YES / NO

Q 15 min. check

Staff placed exposure packet?   YES / NO

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

TIME/DISPOSITION

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # / RDOs |
|---|---|
| LVN | |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC  219  Rev. 1/02          DISTRIBUTION:  ORIGINAL - UHR          CANARY - CUSTODY          PINK - HEALTH AND SAFETY/RTW COORDINATOR

# PROOF OF SERVICE BY MAIL

I, _Angee Burrell_, DECLARE:
   Name

I AM OVER THE AGE OF 18, NOT A PARTY TO THIS ACTION, AND RESIDE / AM

EMPLOYED AT

_P.O.Box 1050_ IN _Monterey_ COUNTY.
   Address

ON _2/3/08_, I DEPOSITED IN THE UNITED STATES MAIL AT
   Date

_Soledad CA 93960_ A COPY OF THE ATTACHED
   City and State

_Petition for Writ of Habeas Corpus_ IN A SEALED ENVELOPE, WITH
   Title or description of each paper

POSTAGE FULLY PRE PAID, ADDRESSED TO: _Clerk of the Court_
_U.S. Dist. Court of CA (Northern Dist)_
_450 Golden Gate Ave_
_P.O. Box 36060_
_San Francisco CA 94102_

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE

OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: ▓▓▓ _2/3/08_          _Angee Burrell_
                            SIGNATURE OF DECLARANT

                            _Angee Burrell_
                            PRINT NAME OF DECLARANT



ANGELO BURRELL
T-8872 D7-228
P.O. Box 1050
SOLEDAD, CALIF. 93960
SALINAS VALLEY STATE PRISON

REC

FEB

RICHARD
CLERK, U.S.
NORTHERN DIST

CLER.
U.S. D
450
BE
SAN

STATE PRISON
GENERATED MAIL

LEGAL MAIL ONLY



UNITED STATES POSTAGE
$ 04.60°
0004397458    FEB 04 2008
MAILED FROM ZIP CODE

IVED

2008

...KING...
...URT
...FORNIA

of The Court
...st Court of Calif. (Northern Dist.)
Golden Gate Ave
36066
...ncisco, Calif. 94102

LEGAL