IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEE BURRELL,<br><br>    Petitioner,<br><br>vs.<br><br>M.S. EVANS, Warden,<br><br>    Respondent. | No. C 08-0846 JSW (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED IN**<br>**FORMA PAUPERIS**<br><br>(Docket Nos. 3 & 4) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his prison disciplinary proceedings that resulted in Petitioner's forfeiture of "good time" credits. Petitioner has filed a motion to proceed *in forma pauperis* which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was found guilty by officials at Salinas Valley State Prison of conspiring to introduce controlled substance into the prison. As a result of this finding, Petitioner forfeited 180 days of "good time" credits. Petitioner's administrative appeals of this discipline failed. Similarly, his habeas petitions in all three levels of the California courts were unsuccessful.

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

The petition raises the following ground for relief: (1) prison officials deprived Petitioner of all of the procedural protections required by due process before disciplining him and forfeiting his time credits; and (2) prison officials impeded Petitioner's constitutional right of access to the courts by interfering with his efforts to exhaust administrative remedies. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

1 | to a determination of the issues presented by the petition. If Petitioner wishes to respond
2 | to the answer, he shall do so by filing a traverse with the Court and serving it on
3 | Respondent within **thirty (30)** days of the date the answer is filed.
4 |          3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
5 | answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
6 | Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court
7 | and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
8 | days of the date the motion is filed, and Respondent shall file with the Court and serve on
9 | Petitioner a reply within **fifteen (15)** days the date the opposition is filed.
10 |         4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
11 | the Court informed of any change of address by filing a separate paper captioned "Notice
12 | of Change of Address." He must comply with the Court's orders in a timely fashion.
13 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
14 | to Federal Rule of Civil Procedure 41(b).
15 |         This order terminates Docket Nos. 3 & 4.
16 |         IT IS SO ORDERED.
17 | DATED: May 7, 2008

JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

ANGEE BURRELL,

    Plaintiff,

v.

M S EVANS et al,

    Defendant.
                                   /

Case Number: CV08-00846 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Angee Burrell T-48872
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: May 7, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk