1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5774
     Fax: (415) 703-5843
8    Email: Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Evans
   SF2008401709

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEE BURRELL, | C08-0846 JSW |
| Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| M. S. EVANS, WARDEN, | |
| Respondent. | Judge: The Honorable Jeffrey S. White |

TO PETITIONER ANGEE BURRELL, IN PRO PER:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent M.S. Evans, Warden of Salinas Valley State Prison, moves the Court for an order dismissing the above-entitled action on the ground that the Petition is barred under the principle of procedural default.

This motion is based on this notice and motion, the supporting memorandum of points and authorities, the pleadings, the records, and the files in this case.

///

## PRELIMINARY STATEMENT

Petitioner Burrell, a California state prisoner proceeding *pro se*, brought this federal habeas corpus action and alleges that he was denied a fair and impartial disciplinary hearing in the adjudication of a rule violation in 2006. (Pet at 5.) Petitioner contends that his right to due process was violated because his hearing was untimely and the evidence to support the guilty finding was insufficient. Petitioner also alleges that he has been denied meaningful and unimpeded access to the courts because his administrative appeals were screened out. (*Id.*)

However, because the state court denied Burrell's claims as a result of his failure to properly exhaust his administrative appeals – a state-law ground that is independent of the federal question and adequate to support the judgment – the doctrine of procedural default bars Burrell from obtaining federal relief.

## STATEMENT OF RELEVANT FACTS

On October 29, 2006, prison officials found Burrell guilty of a prison disciplinary violation for conspiring to introduce a controlled substance into the prison. On August 10, 2007, the Monterey County Superior Court denied Burrell's petition for habeas corpus. (Ex. 1.) The state court found that Burrell's hearing was not untimely and there was some evidence to support the guilty finding. (Ex. 1 at 2-3.) In addition, the superior court also found that Burrell's challenge to the guilty finding also failed because he did not exhaust his administrative remedies. (Ex. 1 at 4.) For these reasons, the state court denied the habeas petition.

On October 3, 2007, the California Court of Appeal summarily denied Burrell's petition for habeas corpus. (Ex. 2.) Finally, on November 28, 2007, the California Supreme Court issued a denial of Burrell's petition with a citation to *In re Dexter* (1979) 25 Cal.3d 921. (Ex. 3.)

## ARGUMENT

### I.

**THE PETITION SHOULD BE DISMISSED BECAUSE ITS REVIEW BY THIS COURT IS BARRED UNDER THE PRINCIPLE OF PROCEDURAL DEFAULT.**

Procedural default is a preliminary issue before a federal court's consideration of the merits of a claim. *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997); *see also Martinez-Villareal v.*

Notice of Mot. & Mot. to Dismiss                                                                                          *Burrell v. Evans*
                                                                                                                          C08-0846 JSW


*Lewis,* 80 F.3d 1301, 1305 (9th Cir. 1996) (reversing the district court's grant of the writ on the merits because no cause or prejudice had been shown to excuse the default). Under the doctrine of procedural default, when a prisoner has defaulted a claim by violating a state procedural rule that is independent of federal law and adequate to support the judgment, he may not raise the claim in federal habeas. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Thus, a prisoner who fails to satisfy the state procedural requirements forfeits his right to present his claim in federal habeas. *Murray v. Carrier*, 477 U.S. 478, 485-492 (1986). The petitioner may only overcome this bar if he establishes cause and actual prejudice to excuse his default. *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996).

### A. The California Supreme Court Denied Burrell's Claim Because His Petition Failed to Observe the State's Administrative Exhaustion Requirement.

If a state court refuses to hear a state prisoner's federal claims because the prisoner failed to comply with a regularly enforced state procedural requirement, the independent and adequate state ground doctrine serves to bar federal habeas for those claims. *Coleman*, 501 U.S. 729-30. Here, the California Supreme Court denied Burrell's habeas claim with a citation to *In re Dexter*, 25 Cal.3d 921 (1979). (Ex. 3.) By citing to *In re Dexter*, the California Supreme Court is relying on a procedural bar as a basis for disposing of Burrell's case. *Coleman*, 501 U.S. at 740. In *Dexter*, the California Supreme Court held that generally, "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies." *Dexter*, 25 Cal.3d at 925. The court also noted in *Dexter* that the administrative exhaustion requirement "applies to grievances lodged by prisoners." *Id*. Thus, in issuing its denial with a citation to a case that stands for a state procedural rule and is without mention of federal law, the California Supreme Court fairly rested its judgment on a state procedural ground. *Coleman*, 501 U.S. at 740.

### B. The State's Administrative Exhaustion Requirement Is Independent of Federal Law and an Adequate State Law Ground.

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (citing *Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983)). A state law is so interwoven if the state's

1  "application of the procedural bar depend[s] on an antecedent ruling on federal law [such as] the
2  determination of whether federal constitutional error has been committed." *Park v. California*,
3  202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

4  Here, California's administrative exhaustion requirement — as applied in the California
5  Supreme Court case of *In re Dexter*, 25 Cal.3d 921 (1979) — falls entirely under state law. The
6  exhaustion prerequisite does not rely on nor is interwoven with federal law, but rather is a long-
7  established state rule. *Dexter*, 25 Cal.3d at 925 (describing administrative exhaustion
8  requirement as a "general rule" and citing several California cases); *see also In re Muszalski*, 52
9  Cal.App.3d 500, 503 (1075) (describing requirement as "well settled as a general proposition").

10  To be deemed adequate, the state-law ground for the decision must be well-established and
11  consistently applied. *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural
12  rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly
13  followed' at the time it was applied by the state court." (quoting *Ford v. Georgia*, 498 U.S. 411,
14  424 (1991)).)

15  Indeed, California's rule that an inmate must exhaust his administrative appeals is well-
16  established and has been applied since 1941. *Abelleira v. District Court of Appeal*, 17 Cal.2d
17  280, 292 (1941). In addition, California courts have consistently applied this rule since
18  *Abelleira*. *E.g., Dexter*, 25 Cal.3d at 925; *In re Muszalski*, 52 Cal.App.3d at 503; *In re Serna*, 76
19  Cal.App.3d 1010, 1014 (1978); *Humes v. Margil Ventures, Inc.*, 174 Cal.App.3d 486, 494
20  (1985); *Wright v. State*, 122 Cal.App.4th 659 (2004).

21  Therefore, in denying Burrell's state habeas petition, the California Supreme Court is clearly
22  relying on an independent and adequate state ground to deny relief by citing to the *Dexter*
23  opinion. Accordingly, the state's procedural rule constitutes a bar to federal review of his claims.

24  **C.  Burrell Cannot Establish Cause, Actual Prejudice, nor Fundamental Miscarriage of Justice.**
25

26  When a state prisoner has "defaulted his federal claims in state court pursuant to an
27  independent and adequate state procedural rule, federal habeas review of the claims is barred
28  unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

Notice of Mot. & Mot. to Dismiss                                            *Burrell v. Evans*
                                                                            C08-0846 JSW

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Park v. California*, 202 F.3d 1146, 1150 (9th Cir. 2000) (a district court properly refuses to reach the merits of a habeas petition if the petitioner defaulted on the state's procedural requirements and is unable to demonstrate cause and prejudice or a fundamental miscarriage of justice). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Respondent has sufficiently raised and also demonstrated that the *Dexter* case constitutes an independent and adequate state law ground supporting the denial of Petitioner's habeas claims. The burden is now on Petitioner to place the procedural default defense in issue. *See Bennett v. Mueller*, 296 F.3d 752 (9th Cir. 2002), *amended en banc, reh'g denied*, 322 F.3d 573, 584-86 (9th Cir. 2003) (setting forth burden shifting system to plead, refute, and prove adequacy of state law ground). General denials will not suffice; Petitioner must make specific allegations, including citation to authorities, to demonstrate the state courts' inconsistent application of its rules. *Id.*

Petitioner also has the burden of showing cause or actual prejudice to excuse his procedural default, and of showing fundamental miscarriage of justice. *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996). Petitioner will not be able to meet this burden of showing cause because he does not have legitimate grounds for his failure to exhaust administrative remedies. He claims his appeals were improperly screened out, however he failed to follow specific instructions on the Inmate Appeal Screening Form to challenge the decision. (See Pet., Ex. A at 5, Inmate/ Parolee Appeal Screening Form, CDCR-695, dated 12/20/2006; Pet. Ex. C at 2, Inmate/ Parolee Appeal Screening Form, CDCR-695, dated 01/23/2007.) If an inmate believes a screen-out was improper, yet does not follow the proper procedures to explain why his appeal should be processed, this does not excuse a failure to exhaust administrative remedies. (*Id.*) Consequently, Petitioner cannot show a legitimate excuse for the default.

Accordingly, the burden now rests on Burrell to show cause and actual prejudice, or a miscarriage of justice. If he fails to meet this burden, the Petition must be dismissed under the

doctrine of procedural default.

## CONCLUSION

Because the California Supreme Court denied Burrell's habeas petition for his failure to exhaust his administrative remedies, the current Petition is barred by the doctrine of procedural default. If Burrell fails to meet his burden — by showing the inadequacy of the state's procedural bar, a cause for the procedural default and actual prejudice, or a fundamental miscarriage of justice — Respondent respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Dated: June 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

20115306.wpd
SF2008401709

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Burrell v. Evans**

No.:   **C08-0846 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 30, 2008, I served the attached

### NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Angee Burrell, T-48872**
**Salinas Valley State Prison**
**P.O. Box 1020**
**Soledad, CA 93960-1020**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 30, 2008, at San Francisco, California.

|                L. Santos                |                 _(signature)_                 |
| :---: | :---: |
| Declarant | Signature |

20119139.wpd

Case 3:08-cv-00846-JSW   Document 6-2   Filed 06/30/2008   Page 1 of 7

# EXHIBIT 1

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

FILED
AUG 10 2007
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
E. Perry, DEPUTY

Received 8/14/07

In re

Angee Burrell

On Habeas Corpus.

Case No.: HC 5769

ORDER

On June 13, 2007, Petitioner filed a petition for writ of habeas corpus. On June 25, 2007, Petitioner filed a proof of service.

The background of the petition is as follows.

Petitioner is currently incarcerated at Salinas Valley State Prison (SVSP).

On or about October 20, 2005, a Rules Violation Report was issued against Petitioner, for conspiracy to introduce a controlled substance. (RVR S05-10-0013.) On June 4, 2006, Petitioner was found guilty of conspiracy to introduce a controlled substance and was assessed a 180-day credit forfeiture. On or about July 5, 2006, Petitioner submitted an appeal, challenging the guilty finding. His appeal was screened out.

On September 21, 2006, the Chief Disciplinary Officer D. Travers ordered the Rules Violation Report (RVR S05-10-0013) to be reissued and reheard because the Senior Hearing Officer failed to assess reliability of confidential information.

On or about September 21, 2006, the Rules Violation Report was reissued against Petitioner, for conspiracy to introduce a controlled substance. (RVR S06-09-0027R.) On or about October 29, 2006, Petitioner was found guilty of conspiracy to introduce a controlled substance and was assessed a 180-day credit forfeiture. On or about December 13, 2006, Petitioner submitted an appeal, raising several issues. One of the issues Petitioner raised was the guilty finding of conspiracy to introduce a controlled substance. On or about December 20,

1  2006, Petitioner's appeal was screened out. Petitioner resubmitted his appeal. On or about
2  January 23, 2007, Petitioner's appeal was rejected on the grounds that 1) time constraints were
3  not met; and that 2) the appeal contained numerous and separate issues.

4  In the instant petition, Petitioner claims that he was improperly found guilty of
5  conspiracy to introduce a controlled substance at the October 29, 2006 disciplinary hearing.

6  Petitioner claims that his disciplinary hearing was not timely held. California Code of
7  Regulations, title 15, section 3320(b) provides that the charges shall be heard within 30 *days*
8  from the date the inmate is provided a copy of the CDC Form 115. Here, Petitioner was
9  provided a copy of the CDC Form 115 on September 29, 2006. His disciplinary hearing was
10 held on October 29, 2006 (the 30th day). Petitioner appears to claim that the hearing was
11 untimely held on October 29, 2006 at 18:55 p.m. because he was given a copy of the CDC Form
12 115 on September 29, 2006 at 11:50 a.m. Petitioner's claim fails because section 3320(b) speaks
13 in terms of *days, not hours*.

14 Petitioner claims that the evidence was insufficient to support the guilty finding. This
15 claim is not persuasive. A prison administrator's decision to revoke good time credits must be
16 based on some evidence. *Superintendent v. Hill* (1985) 472 U.S. 445, 455. This standard is
17 minimally stringent. The relevant question is whether there is *any* evidence in the record that
18 could support the conclusion reached by the disciplinary board. *Superintendent v. Hill, supra*,
19 472 U.S. at p. 455. Here, there is some evidence supporting the Senior Hearing Officer's guilty
20 finding.

21 The guilty finding was based on the confidential memos of September 30, 2005 and
22 October 18, 2005, authored by Investigative Services Unit (ISU) Officer S. Henley and attested
23 to by the three CDC1030 Forms. According to the CDC1030 Forms, sources stated that
24 Petitioner had been conspiring with his wife to introduce a controlled substance into SVSP
25

2

1  through a visit. One source stated that Petitioner and his ex-cellmate, Inmate Henderson, were
2  bringing large quantities of narcotics into SVSP through visits.
3        The guilty finding was also based on the Rules Violation Report, authored by
4  Correctional Officer S. Henley. The information provided by the sources proved to be true. On
5  October 16, 2005, the ISU was conducting an investigation regarding the introduction of a
6  controlled substance into SVSP. On that day, Visiting Sergeant Knuckles contacted the ISU to
7  alert that Petitioner's wife (Visitor 1) had arrived at the Central Visiting Processing Center. The
8  ISU informed Visitor 1 that they had obtained a search warrant, and asked Visitor 1 to relinquish
9  her vehicle key. When the ISU searched Visitor 1's vehicle, they found items consistent with the
10 packaging of a controlled substance (baggies, tape, balloons and Vaseline), leading them to
11 believe that she was in possession of a controlled substance with the intention to introduce it into
12 the prison. Visitor 1 was transported to an outside hospital where four balloons were recovered
13 from her. The balloons contained marijuana. The ISU also found out that a visitor of Inmate
14 Henderson (Visitor 2) arrived at SVSP with Visitor 1 and that upon her arrival, Visitor 2 used the
15 restroom. The ISU conducted a search of the restroom and discovered a balloon containing
16 narcotics. During the interview with the ISU, Visitor 2 stated that she attempted to hide the
17 balloon in the paper toilet seat covers on the wall.
18       Petitioner claims that the use of confidential information did not comply with
19 Administrative Bulletin 92/15 (Use of Confidential Information in Disciplinary Hearings). His
20 claim is not persuasive. The Senior Hearing Officer found the information provided by the
21 sources to be reliable. All of the sources had previously provided confidential information which
22 had proven to be true. There was more than one source that independently provided the same
23 information. The sources incriminated themselves in criminal activities at the time of providing
24 the information. Part of the information provided by the sources had already proven to be true.
25 Petitioner appears to claim that some of the information required by the Administrative Bulletin

1  92/15 is not found in the finding portion of the Rules Violation Report. The Administrative
2  Bulletin 92/15 requires that certain information be contained in a confidential memorandum,
3  incident report or finding portion of the CDC Form 115 with investigative information and
4  appropriate documentation. The fact that some of the information required by the Administrative
5  Bulletin 92/15 is not found in the finding portion of the CDC Form 115 does not mean that the
6  required information is not contained in other documents such as confidential memos and
7  incident report.
8       Petitioner's challenge to the guilty finding of October 29, 2006 also fails because
9  Petitioner has failed to exhaust his administrative remedies. See *In re Muszalski* (1975) 52
10 Cal.App.3d 500, 508.
11      Petitioner's claim that his appeal dated July 5, 2006 was improperly screened out is moot.
12 In his appeal dated July 5, 2006, Petitioner challenged the June 4, 2006 guilty finding of
13 conspiracy to introduce a controlled substance. However, his Rules Violation Report was
14 subsequently reissued and reheard on October 29, 2006. Thus, the issue Petitioner raised in his
15 appeal became moot.
16      Petitioner claims that his appeal dated December 13, 2006 was improperly screened out.
17 This claim is not persuasive. His appeal was screened out on two grounds. The Appeals
18 Coordinator's claim that the submission of the appeal was untimely was not correct. Petitioner
19 received the final copy of the Rules Violation Report on December 5, 2006, and timely
20 submitted his appeal on or about December 13, 2006. However, his appeal was properly
21 screened out on the basis that the appeal raised numerous and separate issues. In his appeal
22 dated December 13, 2006, Petitioner challenged the October 29, 2006 guilty finding *and also*
23 *raised other issues* such as misconduct by prison staff. After his appeal was screened out on
24 January 23, 2007, Petitioner failed to follow the instructions on the Inmate Appeal Screening
25 Form. The Inmate Appeal Screening Form states, "If you allege the above reason is inaccurate,

1  then attach an explanation . . . Please return this form to the Appeals Coordinator with the
2  necessary information attached." (See Inmate Appeal Screening Form dated January 23, 2007.)
3  Petitioner fails to explain why he did not submit an explanation to the Appeals Coordinator if he
4  believed that the screen-out was improper. See *People v. Duvall* (1995) 9 Cal.4th 464, 474.
5     In light of the foregoing, the petition is denied.
6     IT IS SO ORDERED.
7  Dated: 8-10-07

   Hon. Gary E. Meyer
   Judge of the Superior Court

5

CERTIFICATE OF MAILING

C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on August 10, 2007 I deposited true and correct copies of the following document: ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California, directed to each of the following named persons at their respective addresses as hereinafter set forth:

Angee Burrell T48872
Salinas Valley State Prison
PO Box 1050 D7-231
Soledad, CA. 93960

Dated: 8/10/07

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy E. Perry

# EXHIBIT 2




IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FILED

OCT 3 - 2007

MICHAEL J. YERLY, Clerk

By_____
       DEPUTY

|  |  |
|---|---|
| In re ANGEE BURRELL, | H032026 |
| on Habeas Corpus. | (Monterey County Super. Ct. No. HC5769) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J., participated in this decision.)

Dated  OCT 3 - 2007          BAMATTRE-MANOUKIAN, J.          Acting P.J.

# EXHIBIT 3

S157160

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

---

In re ANGEE BURRELL on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921.)

SUPREME COURT
FILED

NOV 2 8 2007

Frederick K. Ohlrich Clerk

_____
Deputy

_____
Chief Justice