1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5774
     Fax: (415) 703-5843
8    Email: Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Evans
   SF2008401709

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEE BURRELL,<br><br>                Petitioner,<br><br>v.<br><br>M. S. EVANS, WARDEN,<br><br>                Respondent. | C08-0846 JSW<br><br>**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS**<br><br>Judge: The Honorable Jeffrey S. White |

In this habeas petition, California state inmate Angee Burrell alleges that he was denied a fair and impartial disciplinary hearing in the adjudication of a rule violation in 2006. On June 13, 2008, Respondent filed a Motion to Dismiss because Burrell's Petition is barred by the doctrine of procedural default: the California Supreme Court's decision denied Burrell's state habeas petition for failure to exhaust administrative remedies, a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

In his Opposition to the Motion to Dismiss filed on July 16, 2008, Burrell fails to show that

Reply to Opp'n to Mot. to Dismiss

*Burrell v. Evans*
C08-0846 JSW

1

1  his Petition should not be dismissed pursuant to the principle of procedural default. Burrell's
2  arguments, rather, solely rely on his contention that he properly filed his administrative appeals
3  and therefore exhausted his claims. (See Opp'n.) However, this is not the question before the
4  Court. Respondent never alleged that this Court should examine whether Petitioner properly
5  exhausted his administrative remedies, but rather that procedural default bars this Court from
6  reviewing the merits of Petitioner's claim.

7  Accordingly, Burrell now bears the burden of refuting the procedural defense, and he must
8  make specific allegations, including citation to authorities, to demonstrate the state courts'
9  inconsistent application of its rules. *Bennett v. Mueller*, 322 F.3d 573, 584-86 (9th Cir. 2003).
10  Yet in his Opposition, Burrell fails to show cause and actual prejudice, or a miscarriage of
11  justice in his Opposition. He merely states that he will suffer a miscarriage of justice if
12  procedurally barred, but does not explain how or why, nor cites any legal authority. (Opp'n at 3.)
13  His conclusory allegations are insufficient to show prejudice because Burrell does not specify
14  any actual harm, or a fundamental miscarriage of justice. Thus, he has not met his burden of
15  proof.

16  Burrell also fails to show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750
17  (1991). He claims that the prison appeals coordinator cited insufficient grounds when denying
18  his appeal, and that he submitted a timely appeal. (Opp'n at 2.) However, the Inmate/Parolee
19  Appeals Screening Forms that Burrell attaches to his Petition indicate that prison personnel had
20  valid reasons (Burrell's failed to appeal his rule violation separately from other issues, time
21  constraints not met) for rejecting his inmate appeal, and thus the cause for the procedural default
22  was not their actions but rather his incorrect submission of the inmate appeals. (See Pet., Ex. A
23  at 5, Inmate/ Parolee Appeal Screening Form, dated 12/20/2006; Pet., Ex. C at 2, Inmate/ Parolee
24  Appeal Screening Form, dated 01/23/2007.) Although Burrell claims his appeals were
25  improperly screened out, he still failed to follow specific instructions on the Inmate Appeal
26  Screening Form to challenge the decision. An inmate does not fulfill his exhaustion requirement
27  if he fails to follow the proper procedures to explain why his appeal should be processed after it
28  was screened out. Moreover, Burrell admits in his Opposition that he continues to disagree with

Reply to Opp'n to Mot. to Dismiss                                    *Burrell v. Evans*
                                                                     C08-0846 JSW

1 | the screen-out decision, but does not show proof that he contested the decision or attempted to
2 | exhaust remedies further. (Opp'n at 6-7.) Consequently, Burrell cannot show a legitimate
3 | excuse for the default.
4 |     For the reasons stated above and in Respondent's October 12, 2007 motion to dismiss, this
5 | Court should grant the motion.

Dated: July 28, 2008

> Respectfully submitted,
>
> EDMUND G. BROWN JR.
> Attorney General of the State of California
>
> DANE R. GILLETTE
> Chief Assistant Attorney General
>
> JULIE L. GARLAND
> Senior Assistant Attorney General
>
> JESSICA N. BLONIEN
> Supervising Deputy Attorney General
>
> /s/ Stacey D. Schesser
>
> STACEY D. SCHESSER
> Deputy Attorney General
> Attorneys for Respondent

20124303.wpd
SF2008401709

Reply to Opp'n to Mot. to Dismiss                                                  *Burrell v. Evans*
C08-0846 JSW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Burrell v. Evans**

No.:   **C08-0846 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 28, 2008**, I served the attached

**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Angee Burrell, T-48872**
**Salinas Valley State Prison**
**P.O. Box 1020**
**Soledad, CA 93960-1020**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 28, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | /s/ J. Palomino |
| Declarant | Signature |

20128780.wpd